61 CCPA

**QUIGLEY & MANARD, INC.,**
Appellant,

v.

**The UNITED STATES, Appellee.**

**Customs Appeal Nos. 74-8, 74-15.**

United States Court of Customs
and Patent Appeals.

May 30, 1974.

John B. Walsh, Buffalo, N. Y., atty. of record, for appellant.

Irving Jaffe, Acting Asst. Atty. Gen., Andrew P. Vance, Chief, Customs Section, Robert Masters, New York City, for United States.

Before MARKEY, Chief Judge, and RICH, BALDWIN, LANE and MILLER, Judges.

MILLER, Judge.

This proceeding involves two appeals from the United States Customs Court. The appeals are from (1) separate orders of dismissal of the actions for lack of prosecution, and (2) an order (covering both cases) which (a) denied appellant's motion for rehearing to set aside said separate orders of dismissal[1] and (b) denied appellant's motion for rehearing to set aside an order denying appellant's motion to compel the clerk of the Customs Court to file appellant's complaint (covering both actions) and to remove the actions from the reserve file of the Customs Court. We affirm.

Each order of dismissal for lack of prosecution recites that the action, previously placed in the October 1970 reserve file, had not been removed therefrom on or before October 31, 1972, the expiration date of the applicable two-year period for removal.

This court has stated that the Customs Court is entrusted with the exercise of its sound discretion in ruling on a petition for rehearing and that such a ruling will not be disturbed unless it is "manifestly erroneous." Commonwealth Oil Refining Company, Inc. v. United States, 480 F.2d 1352, 60 CCPA 162, C.A.D. 1105 (1973). Appellant has not alleged that denial of its motions for rehearing was manifestly erroneous. Moreover, it is the general-

1. The order of dismissal in 67/61648 was not entered until July 24, 1973, so the motion for rehearing, which was filed April 20, 1973, was apparently not operative with respect to it.

ly-accepted doctrine that an appeal must be taken from the judgment of the lower court. 6A Moore's Federal Practice (2d Ed.) ¶ 59, pp. 266–267, and cases cited therein. Insofar as these appeals are from the separate orders of dismissal of the actions for lack of prosecution, they are from the judgments of the Customs Court. Not only are they in accord with the "generally-accepted doctrine," but they also represent the substance of the appeals from the order denying rehearings, so that our determination with respect to the orders of dismissal will properly and fully dispose of the controversy.

Rule 14.6(c) of the Customs Court, pursuant to which the separate orders of dismissal were entered, provided as follows:

> (c) Dismissal for Lack of Prosecution: An action which is not removed from the reserve file within a period of 2 years shall be dismissed for lack of prosecution, and in the absence of the filing of a motion under paragraph (e) of this rule, the clerk shall enter an order of dismissal without further direction of the court.
> . . .

Rule 14.6(b)(1) provided that an action may be removed from the reserve file upon the filing of a complaint. Actions in the October 1970 reserve file, which included the two actions embraced by these appeals, had to be removed by October 31, 1972, to avoid dismissal under Rule 14.6(c), and appellant sought to do this by mailing a complaint covering both actions to the Customs Court. The complaint was mailed from Buffalo, New York, on October 30, 1972, but was not received by the Customs Court until November 2, 1972, after the time had expired under Rule 14.6(c). The clerk refused to file it, and in due course the separate orders of dismissal were entered. We note that Rule 4.1(e) of the Customs Court states: "Filing is completed upon receipt by the clerk or his appointed deputy clerk."

Appellant does not dispute the facts, but argues that the applicable rules of the Customs Court should be liberally applied and that an action should not be dismissed lightly on procedural grounds where good cause and excusable neglect are shown. It cites Rule 6(b) of the Federal Rules of Civil Procedure, which provides for relief after expiration of a specified period of time when the failure to act was the result of excusable neglect; and it argues that the correlative to this rule is Rule 17.1 of the Customs Court, which provides that a party aggrieved by the refusal of the clerk to file any paper may move to compel the clerk to accept the paper for filing.

Assuming arguendo that the question of "excusable neglect" was before the Customs Court with respect to the untimely filing of appellant's complaint, that is not the question before this court on review. This court has stated that the decision of the trial court in dismissing a case for lack of prosecution will not be disturbed on appeal unless it is made to appear that there has been a gross abuse of discretion. United States v. Chas. Kurz Co., 396 F.2d 1013, 55 CCPA 107, C.A.D. 941 (1968). In determining whether there was "gross abuse" on the part of the Customs Court in entering the separate orders of dismissal, we note the following statement in appellant's brief:

> Appellant was unaware, through no fault of its own, of the need to proceed procedurally by filing a complaint until October 11, 1972. Considering time for preparing papers and mailing, appellant was compelled to make an immediate decision whether to request an extension of time which might be denied or proceed to race against time to file its complaint on or before October 31, 1972. Appellant decided in good faith to proceed with diligence to prepare its complaint only to discover later the immense research task before him. Nevertheless, appellant mailed its complaint on October 30, 1972.

Obviously appellant elected to make the "race against time." The fact that it lost the race was not the fault of the Customs Court, which had good reason to promulgate and adhere to Rule 14.6. See Applied Research Laboratories v. United States, 352 F.Supp. 498, 70 Cust.Ct. ——, C.R.D. 73–2 (1973). We hold that there was no gross abuse of discretion on the part of the Customs Court in entering the separate orders of dismissal.

In so holding, we are not unmindful of certain equities which appellant's counsel developed, particularly during his thought-provoking oral argument. However, it is by way of special legislation in the Congress rather than judicial remedy that relief on the basis of such equities must be sought.

The orders of the Customs Court are affirmed.

Affirmed.