**UNION CAMP CORPORATION,**
Plaintiff,

v.

The **UNITED STATES,** Defendant,

and

**Dastech International, Inc., et al.,**
**Defendants–Intervenors.**

Slip. Op. 97–45.
Court No. 94–08–00480.

United States Court of
International Trade.

April 11, 1997.

Fenwick & West, Roger M. Golden and Phyllis E. Andes, Washington, DC, for Plaintiff.

Frank W. Hunger, Assistant Attorney General, David M. Cohen, Director, Velta A. Melnbrencis, Assistant Director, Cynthia B. Schultz, U.S. Department of Justice, Civil Division, Commercial Litigation Branch, for Defendant; Stacy J. Ettinger, of counsel, Office of the Chief Counsel for Import Administration.

Williams, Mullen, Christian & Dobbins, P.C., William E. Perry, Terry X. Gao, and David Snead, Washington, DC, for Defendant–Intervenors.

### *OPINION*

WALLACH, Judge:

This case is before the Court following remand to the Department of Commerce ("Commerce"), pursuant to this Court's order. *See Union Camp Corp. v. United States,* 941 F.Supp. 108 (CIT 1996) (order remanding case to the Department of Commerce).

Defendant and Defendant–Intervenors do not agree with some of the Court's conclusions in the Interlocutory Order found in Slip Op. 96–123. However, they agree that the Department of Commerce complied with the Court's directions.

██ Defendant and Defendant–Intervenors urge the Court to reconsider its decision to remand this case to Commerce, USCIT Rule 59 provides a procedure for parties to follow when seeking a rehearing and states:

A new trial or rehearing may be granted to all or any of the parties and on all or part of the issues ... in an action tried without a jury or in an action finally determined, for any of the reasons for which rehearings have heretofore been granted in suits in equity in the courts of the United States ... A motion for a new trial or rehearing shall be served and filed not later than 30 days after the entry of judgment or order.

USCIT R. 59(a) and (b). "On its face, Rule 59 provides for rehearings in actions which have been tried and gone to judgment.... Nevertheless, it has been held that the 'concept of a new trial under Rule 59 is broad enough to include a rehearing of any matter decided by the court without a jury.'" *Nat'l Corn Growers Ass'n v. Baker,* 9 CIT 571, 584, 623 F.Supp. 1262, 1274 (1985) (quoting *Timken Co. v. United States,* 6 CIT 76, 569 F.Supp. 65, 67 (1983), quoting 11 C. Wright & A. Miller, Federal Practice and Procedure § 2804 at 35 (1973)), *rev'd on other grounds,* 6 Fed. Cir. (T) 70, 840 F.2d 1547 (1988). Therefore, the Court will consider the argument of Defendant and Defendant–Intervenors in light of Rule 59.

 "The grant of a motion for rehearing, reconsideration, or retrial under Rule 59(a) is within the sound discretion of the court." *Kerr–McGee Chem. Corp. v. United States,* 14 CIT 582, 583 (1990). The Court will not disturb its decision unless it is "manifestly erroneous". *United States v. Gold Mountain Coffee, Ltd.,* 8 CIT 336, 337, 601 F.Supp. 212, 214 (1984).

"The purpose of a rehearing is not to relitigate a case." *Kerr–McGee Chem. Corp,* 14 CIT at 583. Instead, it "is a method of rectifying a significant flaw in the conduct of the original proceeding." *Id.* This Court has stated:

> A rehearing may be proper when there was: (1) an error or irregularity in the trial; (2) a serious evidentiary flaw; (3) a discovery of important new evidence which was not available even to the diligent party at the time of trial; or (4) an occurrence at trial in the nature of an accident or unpredictable surprise or unavoidable mistake which impaired a party's ability to adequately present its case.

*Gold Mountain Coffee, Ltd.,* 8 CIT at 336–337, 601 F.Supp. at 214.

 The failure of the parties to move for a rehearing, coupled with the Court's conclu-sion that its previous decision is not "manifestly erroneous", means that there is no reason to disturb the law of the case. "The law of the case doctrine holds that 'a decision on an issue of law made at one stage of a case becomes a binding precedent to be followed in successive stages of the same litigation.'" *Chung Ling Co., Ltd. v. United States,* 17 CIT 829, 836, 829 F.Supp. 1353, 1360 (1993) (citing 1b James W. Moore *et al.,* Moore's Federal Practice ¶ 0.404[1] (2d ed.1992)). In other words, it is "the practice of courts generally to 'refuse to reopen what has been decided.'" *Koyo Seiko Co., Ltd. v. United States,* 893 F.Supp. 52, 57 (1995) (quoting *Messenger v. Anderson,* 225 U.S. 436, 444, 32 S.Ct. 739, 740, 56 L.Ed. 1152 (1912)).

"Under this doctrine, a court will generally not reopen an issue already decided unless (1) the evidence in a subsequent trial was substantially different, (2) controlling authority has since made a contrary decision of law applicable to such issues, or (3) the decision was clearly erroneous and would work a substantial injustice." *Koyo Seiko Co., Ltd. v. United States,* 893 F.Supp. 52, 57 (1995). None of these three factors, nor any other factor, exists to persuade the Court that it should disturb its previous decision.[1]

The remand results are sustained.

## JUDGMENT

This case having come before the Court for decision, and the Court, after due deliberation, having rendered a decision herein; now, in conformity with said decision, it is hereby

ORDERED, ADJUDGED and DECREED that the determination on remand of the Department of Commerce is sustained and judgment is hereby entered accordingly.

---

1. Defendant-Intervenors also argue that Commerce should be ordered to open its record to accept additional evidence. As recognized by Commerce:

> The issue of what value to use as a surrogate value for octanol–2 was raised in the proceeding below and all parties had ample opportuni-ty to submit evidence and to comment on the issue.... [Commerce] was able to comply fully with the Court's order without reopening the record.

*Final Results of Redetermination Pursuant to Court Remand,* at 9. The Court agrees with Commerce's conclusion.