**MITA COPYSTAR AMERICA, INC., Plaintiff,**

v.

**UNITED STATES, Defendant.**

**Slip Op. 98–2.**
**Court No. 93–03–00159.**

United States Court of International Trade.

Jan. 9, 1998.

Grunfeld, Desiderio, Lebowitz & Silverman, L.L.P. (Steven P. Florsheim), New York City, for Plaintiff.

Frank W. Hunger, Asst. Atty. Gen.; Joseph I. Liebman, Attorney–in–Charge, Intern. Trade Field Office, Commercial Litigation Branch, Civil Division, U.S. Dept. of Justice (Barbara M. Epstein); Office of Asst. Chief Counsel, Intern. Trade Litigation, U.S. Customs Service (Beth C. Brotman), of counsel, Washington, DC, for Defendant.

Neville, Peterson & Williams (John M. Peterson and George W. Thompson), Washington, DC, for amici curiae Katun Corp., Xerox Corp.

## OPINION

GOLDBERG, Judge:

This matter is before the Court on plaintiff's motion for rehearing and reconsideration. Plaintiff, Mita Copystar America ("Mita"), moves under USCIT R. 59(a) for a rehearing of *Mita Copystar America, Inc. v. United States*, ("*Mita II*"), —— CIT ——, 966 F.Supp. 1245 (1997), holding that toner cartridges are properly classified as "chemical preparations for photographic uses," under subheading 3707.90.30, HTSUS (Harmonized Tariff Schedule of the United States).

Plaintiff submits that in *Mita II* the Court erred in its analysis of the applicable law and, furthermore, that the Court's application of the law used in the decision came as a "complete and unpredictable surprise." *Pl.'s Mem. in Supp. of Its Mot. For Reh'g. and Recons.*, at 3 ("*Pl.'s Mem.*"). For these reasons, plaintiff requests that the Court grant its motion for rehearing and reconsideration. Plaintiff's motion is denied.

## DISCUSSION

 The grant of a motion for rehearing, reconsideration or retrial under USCIT R. 59(a) is within the sound discretion of the court. *Kerr–McGee Chem. Corp. v. United States*, 14 CIT 582, 583 (1990) (citations omitted); *Union Camp Corp. v. United States*, —— CIT ——, ——, 963 F.Supp. 1212, 1213 (1997) (citation omitted). The purpose of a rehearing is not to relitigate a case. *See BMT Commodity Corp. v. United States*, 11 CIT 854, 855, 674 F.Supp. 868, 869 (1987) (citation omitted). Rather, a rehearing only serves to rectify "a significant flaw in the conduct of the original proceeding." *W.J.Byrnes & Co. v. United States*, 68 Cust. Ct. 358, C.R.D. 72–5 (1972). Importantly, the court will not disturb its prior decision unless it is "manifestly erroneous." *United States v. Gold Mountain Coffee, Ltd.*, 8 CIT 336, 337, 601 F.Supp. 212, 214 (quoting *Quigley & Manard, Inc. v. United States*, 61 C.C.P.A. 65, 496 F.2d 1214 (1974)). As stated in *Gold Mountain Coffee*, the circumstances that may warrant a rehearing are well established:

(1) an error or irregularity in the trial; (2) a serious evidentiary flaw; (3) a discovery of important new evidence which was not available even to the diligent party at the time of trial; or (4) an occurrence at trial in the nature of an accident or unpredictable surprise or unavoidable mistake which impaired a party's ability to adequately present its case.

*Id.* (citation omitted).

None of the established grounds for rehearing exist here to persuade the Court that it should disturb its earlier decision. In *Mita II*, the Court first found that two provisions described the subject merchandise, "chemical preparations for photographic uses," under subheading 3707.90.30, and "parts and accessories of electrostatic photocopying apparatus," under subheading 9009.90.00. Since both HTSUS subheadings described the merchandise, the Court turned to the General Rules of Interpretation ("GRI's") and the HTSUS Section Notes to ascertain the proper classification. In doing so, the Court found competing Section Notes, specifically those found at Note 2 of Section VI and Note 2(b) of Chapter 90, dictated that the subject merchandise should be classified solely under the respective tariff provisions and not under other tariff provisions that also may describe the merchandise. *Mita II*, —— CIT at ——, 966 F.Supp. at 1248–49. As a result, in accord with GRI 1, the Court reasoned the conflict between the Section Notes precluded application of either Note. *Id.* The Court then resolved the case by applying the "essential character" test of GRI 3(b). *Id.*

 Plaintiff maintains the Court erred in finding a conflict between the Section Notes. Plaintiff asserts there can be no conflict between the Notes because one of the Notes cited in *Mita II* is not applicable to the subject merchandise. Specifically, plaintiff contends the Court "was mistaken in its understanding of the meaning of Note 2 to Section VI." *Pl.'s Mem.*, at 2. As such, plaintiff reasons the Section Notes are not in conflict, and, by finding otherwise, the Court committed error. In addition, plaintiff argues that rehearing is warranted because the Court's decision to incorporate Note 2 to

Section VI into its analysis of the proper classification of toner cartridges came as a "complete and unpredictable surprise" as neither plaintiff nor defendant raised the theory in their summary judgment motion papers. *Pl.'s Mem.*, at 3.

Although plaintiff is displeased with the decision in *Mita II*, it fails to establish that adequate grounds exist for this Court to grant the motion for rehearing. First, plaintiff's argument that the Court "was mistaken in its understanding of Note 2 to Section VI" and, thus, committed legal error in its decision, amounts to nothing more than a disagreement with the Court as to the correct interpretation of the relevant Note. In this case, if the Court were to grant plaintiff's motion for rehearing on this ground alone, the Court, in essence, would be taking the unprecedented step of allowing plaintiff to relitigate its case. The proper course for plaintiff is to raise this argument through the appellate review process. Moreover, contrary to plaintiff's assertion, the Court is not persuaded that its earlier decision was significantly flawed or erroneous.

■ Second, plaintiff's argument that rehearing should be granted because it was unpredictably surprised by the Court's analysis lacks merit. In reaching its decision, the Court relied on existing legal authority, albeit authority that the litigants did not develop. Surely, plaintiff cannot mean to suggest that the Court must confine its analysis of a case solely to those legal arguments advanced in the parties' briefs. The Court has an obligation to interpret existing and controlling legal authority to decide a case, irrespective of whether or not such authority appears in papers submitted to the Court. Consequently, plaintiff fails to proffer an acceptable ground for the Court to grant its motion for rehearing.

### CONCLUSION

For the foregoing reasons, plaintiff's motion for rehearing is denied and an order will be entered accordingly.