Slip Op. 00-1

# UNITED STATES COURT OF INTERNATIONAL TRADE

**Before: Judge Judith M. Barzilay**

_____

|  |  |  |
|---|---|---|
| | **:** | |
| NEC CORPORATION AND HNSX SUPERCOMPUTERS INC., | **:** | |
| Plaintiffs, | **:** | Court No. 99-07-00443 |
| v. | **:** | **Before: Barzilay, Judge** |
| DEPARTMENT OF COMMERCE, | **:** | |
| Defendant, | **:** | |
| and | **:** | |
| SILICON GRAPHICS, INC., | **:** | |
| Defendant-Intervenor. | **:** | |

_____

[Defendant-Intervenor's Motion for Reconsideration Denied.]

Decided: January 3, 2000

Paul, Weiss, Rifkind, Wharton & Garrison (Robert E. Montgomery, Jr., Terence J. Fortune, Matthew Chavez, Heather Keele) for Plaintiffs.

David W. Ogden, Acting Assistant Attorney General; David M. Cohen, Director, Commercial Litigation Branch, Civil Division, Department of Justice (Lucius B. Lau); Patrick V. Gallagher, Office of Chief Counsel for Import Administration, Department of Commerce, of counsel, for Defendant.

Wilmer, Cutler & Pickering (John D. Greenwald, Charles S. Levy) for Defendant-Intervenors.

## MEMORANDUM AND ORDER

**BARZILAY, JUDGE:**

## I. INTRODUCTION

This issue is before the Court on Defendant-Intervenor Silicon Graphics, Inc.'s ("SGI") Motion

for Reconsideration brought pursuant to USCIT R. 59.  SGI requests that the Court reconsider its

October 8, 1999 opinion and order ("Opinion") holding that the proposed importation of the SX-5

Series System supercomputer ("SX-5") was outside the scope of an antidumping duty order issued on

October 24, 1997.  *See Notice of Antidumping Duty Order in the Antidumping Investigation of*

*Vector Supercomputers From Japan*, 62 Fed. Reg. 55392 (Oct. 24, 1997) ("Order").

SGI posits the following as bases for reconsideration of the Opinion: (1) the striking of SGI's

brief was unwarranted; and (2) the Department of Commerce's ("Commerce") determination that the

SX-5 was within the scope of the antidumping duty order was correct.  SGI's Motion for

Reconsideration is denied.

## II.   DISCUSSION

The grant or denial of a motion for reconsideration under R. 59 (a) lies within the sound

discretion of the court.  *MITA Copystar America, Inc. v. United States*, — CIT —, — , 994 F.

Supp. 393, 394 (1998); *Asociacion Colombiana de Exportadores de Flores v. United States*, —

CIT —, —, 19 F. Supp.2d 1116, 1118 (1998).  Yet several principles guide the Court in determining

whether a rehearing is warranted.  "The purpose of a rehearing is not to relitigate the case but, rather, to

rectify a fundamental or significant flaw in the original proceeding." *Asociacion Colombiana*, 19 F.

Supp.2d at 1118 (citing *St. Paul Fire & Marine Ins. Co. v. United States*, 16 CIT 984, 984, 807 F.

Supp. 792, 793 (1992)).  Furthermore, a court's previous decision will not be disturbed unless it is

"manifestly erroneous." *Mita Copystar*, 994 F. Supp. at 394 (*citing United States v. Gold*

*Mountain Coffee, Ltd.*, 8 CIT 336, 337, 601 F. Supp. 212, 214 (*quoting Quigley & Manard, Inc.*

*v. United States,* 61 C.C.P.A. 65, 496 F.2d 1214 (1974)).  The circumstances in which a "significant

flaw" or a "manifestly erroneous" decision is present are:

(1) an error or irregularity in the trial; (2) a serious evidentiary flaw; (3) a discovery of important new evidence which was not available even to the diligent party at the time of trial; or (4) an occurrence at trial in the nature of an accident or unpredictable surprise or unavoidable mistake which impaired a party's ability to adequately present its case.

*Id.* (*citing Gold Mountain*, 8 CIT at 336-337).

SGI has not persuaded the Court that any of the established grounds for reconsideration of its decision are present in this case. SGI states two main reasons that the Court should reconsider its Opinion; each of these assertions will be discussed in turn.

First, SGI asserts that the Court's striking of its brief as late was an unwarranted extraordinary remedy, and therefore in error. SGI claims that its response brief was filed in a timely manner, and that it "innocently overlooked" the service by hand requirement set out in the Court's expedited briefing schedule, "and served Plaintiffs by mail as provided for in CIT Rule 5(b)." *Defendant-Intervenor's Motion for Reconsideration ("Motion")* at 6. SGI essentially contends that it shouldn't be punished for an "unintended ministerial error" which was not a willful disregard of the Court's expedited briefing schedule. *Id.* Whether the filing by mail instead of by hand was a willful disregard of the Court's scheduling order, or a ministerial error, the Court's decision to strike SGI's response brief was warranted, not in error, and therefore not cause for reconsideration.

"It is not questioned that this Court has broad discretion to grant or deny motions to strike." *Jimlar Corp. v. United States*, 10 CIT 671, 673, 647 F. Supp. 932, 934 (1986) (*citing Becker Industries v. United States*, 7 CIT199, 200, 585 F. Supp. 663, 665 (1984)). Within this discretion, the Court recognizes that motions to strike are generally held in disfavor and "should be granted only in cases where there has been a flagrant disregard of the rules of court." *Id.* at 673 (*citing Application of Harrington*, 55 CCPA 1459, 1462, 392 F.2d 653, 655 (1968)).

The striking of SGI's brief was within the Court's discretion under the circumstances of this case.  SGI filed its motion to intervene on August 2, 1999, after the Court's establishment of an expedited briefing schedule on July 28, 1999.  SGI claims that because it had not yet intervened in the case when the expedited briefing schedule was determined, it should not be held to the terms of the schedule.  However, SGI is not excused from filing date requirements set by the Court in a case in which it seeks to intervene simply because it was not a party to the action when the scheduling order was granted.  SGI was present at the telephone conference call held on July 27, 1999 in which the terms of an expedited briefing schedule were discussed; it should therefore have been aware of the special filing and serving requirements.  The Court's order of July 28, 1999 sets these out clearly.

SGI further asserts that it "inadvertently overlooked the service by hand requirement" and that its brief should not be struck because "counsel's oversight does not constitute a lack of good faith or a willful disregard of the Court's Order." *Motion* at 4, 7.   The Court does not agree.  Because SGI failed to follow the service by hand requirement, its brief was delivered five days after the due date and two days before Plaintiffs' reply to the brief was due under the expedited scheduling order.  Plaintiffs therefore had far less time to reply than was contemplated by the agreed-upon schedule.  Contrary to SGI's speculation that two days instead of the required seven was sufficient time for Plaintiffs to respond, and SGI's statement that "Plaintiffs' assertion of prejudice arising from SGI's error is insupportable," the Court agrees that SGI's failure to follow the terms of the scheduling order, its late filing, and the arguable prejudice to plaintiffs, are appropriate grounds for striking the brief. *Motion* at 7. As such, the Court sees no manifest error or fundamental flaw in its striking of SGI's brief for which it should grant the Motion for Reconsideration.

Second, SGI contends that the Court should grant its Motion for Reconsideration because of its claim that Commerce's decision is correct on the merits.  Essentially, according to SGI, the Court made the wrong decision by finding in favor of Plaintiffs.  As previously stated, a rehearing serves only to remedy a flaw in the judicial proceeding, and the court will not disturb its prior decision unless it is "manifestly erroneous." *Mita Copystar*, 994 F. Supp. at 394.

SGI has not brought to the Court's attention a significant flaw to be rectified or any evidence that the Court's decision was indeed manifestly erroneous.  Rather, SGI has merely restated its position as to why Commerce should prevail.  "In this case, if the Court were to grant [Defendant-Intevenor's] motion for rehearing on this ground . . . the Court, in essence, would be taking the unprecedented step of allowing [a party] to relitigate its case."  *Id.* at 395.  SGI may be displeased with the Court's decision, but it has shown none of the established grounds "to persuade the Court that it should disturb its earlier decision." *Id.* at 394.

### III. CONCLUSION

For the foregoing reasons, SGI's Motion for Reconsideration is denied.  An order will be entered accordingly.


Dated: _____                                                     _____
      New York, NY                                                              Judith M. Barzilay
                                                            Judge