**Slip Op. 01-34**

# UNITED STATES COURT OF INTERNATIONAL TRADE

| | | |
|---|---|---|
| USEC, INC. and UNITED STATES ENRICHMENT CORPORATION, | **:** | |
| Plaintiffs, and | **:** | |
| AD HOC COMMITTEE OF DOMESTIC URANIUM PRODUCERS, | **:** | |
| Plaintiff, | **:** | Consol. Court No. 99-08-00547 |
| v. | **:** | **Before: Barzilay, Judge** |
| THE UNITED STATES, | **:** | |
| Defendant, | **:** | |
| and | **:** | |
| THE GOVERNMENT OF KAZAKHSTAN, | **:** | |
| NATIONAL ATOMIC COMPANY KAZATOMPROM, and NUKEM, INC., | **:** | |
| Defendant-Intervenors. | **:** | |

[Plaintiffs' Motion for Rehearing and Modification of decision denied.]

Decided: March 29, 2001

*Steptoe & Johnson LLP, Richard O. Cunningham, (Sheldon E. Hochberg), Eric C. Emerson, Shannon P. MacMichael,* for Plaintiffs USEC Inc., and United States Enrichment Corporation.

*(Lyn M. Schlitt),* General Counsel, *Marc A. Bernstein,* Acting Assistant General Counsel, *Michael K. Haldenstein,* Office of General Counsel, U.S. International Trade Commission, for Defendant.

*Shearman & Sterling***,** *(Thomas B. Wilner)*, for Defendant-Intervenors the Republic of Kazakhstan and the National Atomic Company Kazatomprom.

*White & Case, LLP, (Carolyn B. Lamm), Adams C. Lee, Christina C. Benson,* for Defendant-Intervenor NUKEM, Inc.

**M**EMORANDUM **O**PINION AND **O**RDER

**BARZILAY, JUDGE:**

**I. I**NTRODUCTION

This matter is before the court pursuant to Plaintiffs' USEC Inc. and United States Enrichment Corporation (collectively, "USEC") Motion for Reconsideration brought under USCIT R. 59.[1] Plaintiffs request that the court reconsider its decision in the above-captioned case denying USEC's Motion for Judgment on the Agency Record, reverse its decision in Slip Opinion 01-08, dated January 24, 2001 ("Opinion") and remand the matter to the International Trade Commission ("ITC" or "Commission") for further consideration of its analysis of material injury or threat thereof.[2] In its previous Opinion, the court held that the ITC's final negative determination in *Uranium from Kazakhstan*, 64 Fed. Reg. 40897 (July 28, 1999), in which the Commission ascertained that uranium imported from Kazakhstan caused neither material injury nor threat of material injury to the domestic uranium industry, was supported by substantial evidence and in accordance with law. According to USEC, the court's determination that the Department of Commerce ("Department" or "Commerce") did not consider the inventory of uranium enriched in Russia but located in Kazakhstan ("Kazakh Stockpile" or "Stockpile") to be of Kazakh origin is "flatly contradicted" by recent statements from the Department. *Mem. of P. & A. in Supp. of USEC's Mot. for Reh'g and Modification of this Court's Decision of January 24, 2001 ("Pls.' Mem.")* at 4. As such, USEC contends, the court erred in determining that the Commission was correct in excluding the Stockpile from its injury determination.

---

[1]Plaintiff Ad Hoc Committee of Domestic Uranium Producers did not partcipate in this proceeding.

[2]Familiarity with the Opinion is presumed.

*See id.*   For the reasons stated herein, the motion is denied and the original judgment is affirmed in all

respects.

## II. DISCUSSION

The grant or denial of a motion for rehearing and modification under USCIT R. 59 lies within

the sound discretion of the court. *MITA Copstar America, Inc. v. United States*, 22 CIT ___, ___,

994 F. Supp. 393, 394 (1998); *Asociacion Colombiana de Exportadores de Flores v. United*

*States*, 22 CIT ___,___, 19 F. Supp.2d 1116, 1118 (1998).  Several principles guide the court in

determining whether reconsideration is warranted.  A rehearing is not granted to allow a losing party to

relitigate a case, but rather to address a fundamental or significant flaw in the original proceeding.  *See*

*Asociation,* 22 CIT at ___, 19 F. Supp. 2d at 1118 (citing *St. Paul Fire & Marine Ins. Co. v.*

*United States*, 16 CIT 984, 984, 807 F. Supp. 792, 793 (1992)).  Furthermore, a court's previous

decision will not be disturbed unless it is "manifestly erroneous."  *Mita Copystar*, 22 CIT at ___, 994

F. Supp. at 394 (citing *United States v. Gold Mountain Coffee, Ltd.*, 8 CIT 336, 337, 601 F. Supp.

212, 214 (1984)(quoting *Quigley & Manard, Inc. v. United States*, 496 F. 2d 1214, 1214 (1974))).

The circumstances in which a "significant flaw" or "manifestly erroneous" decision is present are:

> (1) an error or irregularity in the trial; (2) a serious evidentiary flaw; (3) a discovery of
> important new evidence which was not available even to the diligent party at the time of
> trial; or (4) an occurrence at trial in a nature of an accident or unpredictable surprise or
> unavoidable mistake which impaired a party's ability to adequately present its case.

*Id.* (citing *Gold Mountain*, 8 CIT at 336-337; 601 F. Supp. at 214 ).  USEC has not persuaded the

court that any of the established grounds for reconsideration of its decision are present in this case.

USEC bases its request for reconsideration of the Stockpile issue on a January 19, 2001, letter

from Secretary of Commerce Norman Mineta to Senator Mitch McConnell ("Mineta letter") regarding

Commerce's scope inquiry into the Stockpile.  First, as Defendant correctly notes, USEC is asking the

court to consider documents that were not part of the administrative record in this case.  Under the

appropriate standard of review of an injury determination, the court determines whether the

Commission's decision is supported by substantial evidence on the record or is otherwise in accordance

with law.  *See* 19 U.S.C. § 1516a(b)(1)(B)(1994).  Recognizing that the court may not consider the

Mineta letter as part of the administrative record, Plaintiffs ask the court to take judicial notice of the

letter pursuant to Rule 201(d) of the Federal Rules of Evidence, which provides: "[a] court shall take

judicial notice if requested by a party and supplied with the necessary information."

Rule 201(b) of the Federal Rules of Evidence states: "a judicially noticed fact must be one not

subject to reasonable dispute."  The two facts that plaintiffs contend are presented by the Mineta letter

are (1) that the Department approved shipments of uranium from the Stockpile while the Russian

Suspension Agreement was still in effect, and thus treated the Stockpile "*de facto. . .* as Kazakh-origin

uranium;" and (2) that the Department has not yet clarified its original scope determination regarding the

Stockpile. *See USEC Br.* at 8; *Mem. of P. & A. in Supp. of the Resp. of NUKEM to USEC's Mot.*

*for Rehearing and Modification of this Court's decision of January 24, 2001* ("NUKEM Br.") at 5.

The issue of the origin of the uranium from the Stockpile is a central legal issue in this case.  The court

agrees with Defendant-Intervenor NUKEM and Defendant that "the Mineta Letter and the inferences

drawn therefrom are *not facts at all*;" but that Plaintiffs seek to introduce the letter "to prove facts that

are not indisputable. . . ." *See NUKEM Br.* at 9; *Def.'s Br.* at 6.  The court declines to deem

contentious points of law undisputed facts, and therefore refrains from taking judicial notice of the letter.

Even if the court were to determine that the letter indeed contained indisputable facts and that it could appropriately take judicial notice of the letter, the court agrees with Defendant that the letter itself provides no important new evidence warranting reconsideration. The letter indicates that the Department had not reached a determination in the scope inquiry regarding the Stockpile, and that a substantial quantity of enriched uranium from Kazakhstan entered the United States. This "evidence" is neither new nor important, but "merely cumulative information reasserting the same facts asserted by Plaintiffs at the Commission and again before this court." *NUKEM Br.* at 4. The court recognized in its Opinion that shipments of uranium from the Kazakh Stockpile had been imported into the U.S. while the suspension agreement was pending, and that the Department had not yet issued a final determination regarding the formal scope inquiry into the origin of the Kazakh Stockpile. *See Opinion* at 5, n. 7. Yet, these facts did not affect the court's ability to determine whether the Commission's determination was supported by substantial evidence and in accordance with law. *See Opinion* at 5.

As the court previously stated, "Plaintiffs are not entitled to judicial review of the DOC's scope determination, but may only raise the issue of whether the ITC has correctly construed the scope determination. . . ." *Opinion* at 14. Plaintiffs are attempting to convince the court to reconsider its decision, based on confirmation of the fact that the question of the Stockpile's origin has not been resolved by Commerce. *See Pls.' Br.* at 9-10. The court sees no important difference between the facts before the court at the time of the Opinion and the facts contained in the Mineta letter. The court can find no reason to reconsider its previous opinion that the Commission's determination was supported by substantial evidence and in accordance with law.

In accordance with the applicable standard of review and for the foregoing reasons, it is hereby

ORDERED that Plaintiffs' Motion for Rehearing and Modification of the court's decision is

DENIED; and it is further

ORDERED that the court's opinion in Slip Op. 01-08, dated January 24, 2001, is affirmed in

all respects.


Dated: _____                                    _____
     New York, NY                                    Judith M. Barzilay
                                                       Judge