Slip Op. 06-122

UNITED STATES COURT OF INTERNATIONAL TRADE

_____
                                       :

PAUL MÜLLER INDUSTRIE GMBH       :
& CO., <u>et al.</u>,                            :
                                         :

         Plaintiffs,              :

                                         :      Before:             WALLACH, Judge
         v.                        :      Consol. Court No.:   04-00522
                                         :

UNITED STATES,                    :

         Defendant,             :

and                                 :

TIMKEN US CORPORATION,      :

         Defendant-Intervenor.   :
_____:

[Timken US Corporation's Motion For Reconsideration is Denied.]

**DATED:** July 31, 2006

<u>Grunfeld, Desiderio, Lebowitz, Silverman, & Klestadt LLP</u>, (<u>Bruce M. Mitchell</u>, <u>Adam M. Dambrov</u>, <u>Mark E. Prado</u>, and <u>William F. Marshall</u>) for Plaintiff Paul Muller Industrie GmbH & Co.

<u>Peter D. Keisler</u>, Assistant Attorney General; <u>David M. Cohen</u>, Director; <u>Patricia M. McCarthy</u>, Assistant Director; <u>Claudia Burke</u>, Attorney, U.S. Department of Justice, Civil Division, Commercial Litigation Branch; and <u>Elizabeth Doyle</u>, Attorney-Advisor, Office of Chief Counsel for Import Administration, U.S. Department of Commerce, for Defendant United States.

<u>Stewart and Stewart</u>, (<u>Terence P. Stewart</u>, <u>William A. Fennell</u>, <u>Lane S. Hurewitz</u>, and <u>Geert De Prest</u>) for Defendant-Intervenor Timken US Corporation.

## OPINION

**Wallach, Judge:**

## I
## Introduction

Timken US Corporation ("Timken") moves for reconsideration of the court's decision in Paul Mueller Industrie GmbH & Co. v. United States, Slip Op. 06-80 (CIT May 26, 2006) at 7-9, that Commerce properly adjusted U.S. indirect selling expenses for an amount reflecting currency exchange gains on transactions between the U.S. affiliate and the parent company. Timken US Corporation's Motion for Reconsideration ("Timken's Motion") at 1. The court has jurisdiction pursuant to 28 U.S.C. § 1581(c) (2004).

## II
## Background

In Paul Mueller Industrie GmbH & Co. v. United States, Slip Op. 06-80 (CIT May 26, 2006) at 7-9, familiarity with which is presumed, the Court sustained in part and remanded in part Commerce's results of review in Antifriction Bearings and Parts Thereof From France, Germany, Italy, Japan, Singapore, and the United Kingdom: Final Results of Antidumping Duty Administrative Reviews, Rescission of Administrative Reviews in Part, and Determination To Revoke Order in Part, 69 Fed. Reg. 55,574 (September 15, 2004) ("Final Results") of the antidumping duty orders on antifriction bearings and parts thereof from France, Germany, Italy, Japan, Singapore, and the United Kingdom covering the period of review ("POR") of May 1, 2002, through April 30, 2003. Final Results at 55,574.

# III

## Standard of Review for Motions for Reconsideration

The decision to grant or deny a motion for reconsideration or rehearing lies within the sound discretion of the Court. See Union Camp Corp. v. United States, 21 CIT 371, 372, 963 F. Supp. 1212, 1213 (1997); Kerr-McGee Chem. Corp. v. United States, 14 CIT 582, 583 (1990). The Court of International Trade considers a motion for reconsideration to be "a means to correct a miscarriage of justice." Starkey Laboratories, Inc. v. United States, 24 CIT 504, 510, 110 F. Supp. 2d 945, 950 (2000) (quoting Nat'l Corn Growers Ass'n v. Baker, 9 CIT 571, 585, 623 F.Supp. 1262, 1274 (1985)). Compare Bomont Industries v. United States, 13 CIT 708, 711, 720 F.Supp. 186, 188 (1989) ("a rehearing is a 'method of rectifying a significant flaw in the conduct of the original proceeding'") (quoting W.O. Byrnes & Co., Inc. v. United States, 68 Cust. Ct. 358 (1972)) (quoting the "exceptional circumstances for granting a motion for rehearing" set forth in North American Foreign Trading Corp. v. United States, 9 CIT 80, 607 F. Supp. 1471 (1985), aff'd, 783 F.2d 1031 (Fed.Cir. 1986). "Reconsideration or rehearing of a case is proper when 'a significant flaw in the conduct of the original proceeding [exists],'such as (1) an error or irregularity in the trial; (2) a serious evidentiary flaw; (3) a discovery of important new evidence which was not available even to the diligent party at the time of trial; or (4) an occurrence at trial in the nature of an accident or unpredictable surprise or unavoidable mistake which impaired a party's ability to adequately present its case, and must be addressed by the Court." United States v. Inn Foods, Inc., 276 F. Supp. 2d 1359, 1360-61 (CIT 2003) (citations omitted). In ruling on a motion for reconsideration, the Court's previous decision will not be disturbed unless it is "manifestly erroneous." United States v. Gold Mountain Coffee, Ltd., 8 CIT 336, 337, 601 F.

Supp. 212, 214 (1984).

**IV**
**ANALYSIS**
**A**
**The Parties' Arguments**

Timken argues that Paul Mueller's exchange gains were not recorded as selling expenses in their own books and records and the court mistakenly found that they were when it held Commerce's determination to be in accordance with law. Timken's Motion at 3. Timken also argues that the court erred when it found that Paul Mueller's currency gain deductions to U.S. selling expenses were permitted by statute, as the expenses were not associated with the sale to the unaffiliated purchaser but rather to the affiliated transaction between the parent company and Paul Mueller's U.S. subsidiary. Id. at 4-6. Finally, Timken argues that gains or losses on the purchase of goods to be sold are not selling expenses under 19 U.S.C. § 1677a(d)(1). Id. at 7. Accordingly, Timken requests the court to (1) modify its ruling and disallow the reduction in U.S. selling expenses for currency gains; and (2) to remand the matter to Commerce to comply with the court's instructions.

Commerce and Paul Mueller argue that the court's decision to permit the deduction of currency gains were in accordance with law. Defendant's Response in Opposition to Plaintiff's Motion for Reconsideration ("Defendant's Opposition") at 4; Paul Muller's Response Memorandum in Opposition to Timken US Corporation's Rule 59 Motion for Reconsideration ("Paul Mueller's Opposition") at 2. Specifically, Defendant argues that the adjustment for foreign exchange gains comports with 19 U.S.C. § 1677a(d)(1) in that it is an expense "generally incurred by or for the account of the producer or exporter, or the affiliated seller in the United States, in selling the subject merchandise . . . [such as] (C) any selling expenses that the seller

4

pays on behalf of the purchaser." Defendant's Opposition at 4-5; Paul Mueller's Opposition at 2-3. In this instance, Commerce states that it determined during the course of the administrative review that the gains or losses were incurred by the seller and were attributable to the sales at issue. Id. at 6; Paul Mueller's Opposition at 2. More importantly, Commerce stated that it did not find, nor did the record demonstrate that "Paul Mueller's affiliate was participating in any currency hedging sale agreements" to question the treatment of these gains as indirect selling expenses. Id. at 7. As a result, Commerce properly deducted indirect selling expenses for these gains. Id. at 9.

Paul Mueller argues that Timken's motion does not warrant consideration in that Timken fails to allege a sufficient bases for reconsideration. Paul Mueller's Opposition at 2. Rather, according to Paul Mueller, Timken "merely raises anew an issue argued by Timken three times under multiple legal theories." Id.

**B**

**Timken's Motion Does Not Cite Sufficient Bases to Warrant Reconsideration**

Timken has failed to articulate a basis upon which this court need reconsider its opinion in SKF USA Inc., Slip Op. 06-80. The court stated its reasoning for permitting Commerce's original determination to stand in its opinion. Id. at 7-9. Since motions for reconsideration are not granted when parties simply wish to relitigate a matter, but only in instances where it is necessary to rectify or remedy a "fundamental or significant flaw in the original proceeding," or to remedy a manifest error, there is no need to examine this issue further at this juncture. NEC Corp. v. United States, 24 CIT 1, 2, 86 F. Supp. 2d 1281, 1282 (2000); see also USEC, Inc. v. United States, 138 F. Supp. 2d 1335, 1336-37 (CIT 2001). As Timken has offered no new reason for the court to re-examine its decision, it declines to do so.

**V**

**Conclusion**

For the above stated reasons, Timken's Motion is denied.


                                  ___/s/ Evan J. Wallach_____
                                    Evan J. Wallach, Judge


Dated: July 31, 2006
       New York, New York