Slip Op. 06 - 138

# UNITED STATES COURT OF INTERNATIONAL TRADE

|  |  |  |
|---|---|---|
| UNITED STATES, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | **Before: MUSGRAVE, JUDGE** |
| | : | |
| NATIONAL SEMICONDUCTOR | : | Court No. 03-00223 |
| CORPORATION, | : | |
| | : | |
| Defendant. | : | |
| | : | |

[Defendant's motion to reconsider and eliminate compensatory interest award to government denied; plaintiff's responsive pleading to cap compensatory interest award and include pre-judgment interest granted; judgment modified accordingly.]

Decided: September 8, 2006

*Peter D. Keisler*, Assistant Attorney General; *David M. Cohen*, Director, *Patricia M. McCarthy*, Assistant Director, Civil Division, Commercial Litigation Branch, United States Department of Justice (*Stephen C. Tosini*, *Elizabeth A. Holt*), and Office of the Chief Counsel, U.S. Customs and Border Protection (*Martha Toy Wong*), of counsel, for the plaintiff.

*Horton, Whiteley & Cooper* (*Robert Scott Whiteley* and *Craig A. Mitchell*), for the defendant.

## OPINION

This opinion addresses defendant National Semiconductor Corporation's motion for reconsideration to rescind that part of the judgment awarding compensatory interest award to the government. *See United States v. National Semiconductor Corp.* ("*NSC II*"), Slip Op. 06-90 (USCIT June 16, 2006). The government supports the motion to the extent that it would have entry of judgment equivalent to the full amount of penalty interest claimed in the complaint, $250,840.21,

plus prejudgment interest.  For the following reasons, the Court denies the defendant's motion and assents to the government's request.

A  Rule 59 motion for reconsideration is "a means to correct a miscarriage of justice." *Agro Dutch Indus. Ltd. v. United States*, 29 CIT ___, Slip Op. 05-28 at 5-6 (Feb. 28, 2005), appeal docketed, No. 05-1288 (Fed. Cir. 2005).  A court's previous decision will not be disturbed unless it is "manifestly erroneous." *Mita Copystar America, Inc. v. United States*, 994 F. Supp. 393, 394 (CIT 1998).  The decision to grant or deny a motion for reconsideration lies within the sound discretion of the Court.  *See, e.g.*, *Union Camp Corp. v. United States*, 21 CIT 371, 372 (1997); *Kerr-McGee Chem. Corp. v. United States*, 14 CIT 582, 583 (1990).

NSC argues that award of compensatory interest to the government was surprising, not properly briefed, and without a proper statutory basis.  NSC argues that by enacting the current liquidation statutes, Congress traded "a negative reverse revenue effect" for certainty in the liquidation process that had been lacking prior to 1978,[1] and that "[w]ere it otherwise, any entry, as to which liquidation had long become final, could be reliquidated simply by Government issuance of a pre-penalty notice years later."  NSC also argues that the Court's ruling implies that liquidation of any entry would not become final until the statute of limitations under section 1661 had expired, thus essentially eviscerating section 1514(a).  By contrast, NSC contends, subsection (d) of the penalty statute only mandates recovery of "lawful duties, taxes, or fees" and not interest, and since

---

[1] NSC presumably refers to 19 U.S.C. § 1504(a), which requires completion of administrative liquidation within one year, after which, if there is no action by U.S. Customs and Border Protection ("Customs"), the entry is deemed liquidated.  *See* Customs Procedural Reform and Simplification Act of 1978, Pub. L. 95-410 § 209, 92 Stat 888 (1978) (adding section 504 to Tariff Act of 1930). Once liquidation occurs, it is "final and conclusive" against all claims, including those of the government. *See* 19 U.S.C. § 1514.

the government's complaint looks "exclusively" for the recovery of a penalty, the amount of any penalty is pursuant to subsection 1592(c)(4)(B), which requires that any such recovery be calculated in terms of the interest on the amount of the underpayment. Def's Mot. for Recons. at 5-6 (referencing 19 U.S.C. § 1514(a)); Def.'s Reply to Pl.'s Resp. to Mot. for Recon. (Def.'s Reply to Mot. for Recon.) at 2-4 (referencing 19 U.S.C. § 1592(d); citations omitted).

It is incongruous to "accept" judgment of a $10,000 penalty and request vacatur of the most significant consideration underpinning the determination of the amount.[2] Remove that support, and the issue of whether mitigation is justified must needs be revisited, with not necessarily more favorable results. In any event, the Court previously considered and found unpersuasive the position that the government's case was self-limited to recovery of a customs penalty. The interest imposed pursuant to section 1592 is indeed penal, but that type of interest is to be distinguished from compensatory interest under 19 U.S.C. § 1505. The Court found, as a matter of fact and after ample briefing and evidence presented at trial, that the government's most significant objective for seeking the maximum penalty was compensation, not punishment, and the opinion was careful to distinguish between the $10,000 penalty imposed pursuant to section 1592 and the compensation awarded pursuant to section 1505.

NSC cannot reasonably assert surprise as to the course of the litigation. In briefs and at trial, the government's consistent position was that even the maximum obtainable interest-only penalty would still leave the U.S. Treasury unwhole. NSC was given ample opportunity to comment on that

[2] The Court previously found that the tenth *Complex Machine Works* factor, whether the government had received adequate compensation elsewhere, "deserve[d] the heaviest weighting" when considering whether mitigation was justified. *United States v. National Semiconductor Corp.*, Slip Op. 06-90 at 8 (June 16, 2006).

position but chose instead merely to reiterate that it should not be penalized the maximum penalty for its voluntary disclosures. NSC is also aware that the Court is obliged to reach the correct result, regardless of the formality of pleading or the adequacy of briefing thereon,[3] and NSC has fully briefed its arguments on the issue in this motion for reconsideration in any event.

Regarding NSC's substantive points, NSC's interpretation of the prior opinion as giving *carte blanche* to Customs to "unilaterally" reliquidate at any time simply by issuance of a penalty notice is incorrect. Customs' pre-penalty notice is rather part of the due process afforded to an importer to contest the subject matter,[4] and an importer who confronts an allegation by Customs of a violation of section 1592(a) has every right to contest the allegation. That circumstance can hardly be said to constitute a "further disposition" of the matter. By contrast, when Customs accepts a voluntary disclosure, both the importer and Customs are agreeing that certain entry declarations of the original entry upon which liquidation was based contained incorrect or misleading information. Customs' acceptance of a voluntary disclosure pursuant to 19 U.S.C. § 1592(c)(4) necessarily

---

[3] *Inter alia*, Rule 15(b) of the Rules of this Court provides, in pertinent part:

> When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; but failure so to amend does not affect the result of the trial of these issues.

USCIT Rule 15(b). *See generally* Charles Alan Wright, Arthur R. Miller, Mary Kay Kane, 6A *Federal Practice & Procedure* (Civ.) 2d §§ 1491-1493.

[4] *See, e.g., United States v. Priority Products, Inc.*, 793 F.2d 296 (Fed. Cir. 1986); *United States v. Nussbaum*, 24 CIT 185, 94 F.Supp.2d 1343 (2000); *United States v. KAB Trade Co.*, 21 CIT 297 (1997); *United States v. Modes, Inc.*, 13 CIT 780 (1989).

corrects or overrides the original entry declarations implicated. Acceptance is a "decision" on the voluntary disclosure which, in turn, is subject to the finality of section 1514(a).[5] Thus, Customs' decision to accept NSC's calculation of underpayment and its tender of monies necessarily operated as an effective reliquidation of the entries concerned, and in this instance each of Customs' pre-penalty notices was implicit notice thereof.

Similarly, NSC also reads too much into the congressionally imposed time limit on the liquidation process. The deemed liquidation provisions of 19 U.S.C. § 1504(a) serve to speed along customs duty claims (*i.e.* deemed liquidation after one year of inactivity), but neither they nor protestable decisions pursuant to section 1514 were intended to shield importers from liability for violations of 1592(a). The "certainty" that NSC would attach to entries at liquidation is fundamentally based upon the "truth" of the specific entry declarations. It amounts to government acceptance and affirmation thereof. By contrast, the admission, or adjudication, of a violation of section 1592(a) in the entry declarations amounts to a correction of the record. It is a further disposition of the entry: in essence, a reliquidation by operation of law. *See* Slip Op. 06-90 at 10 (citations omitted). Thus, section 1514 finality is inapplicable, or else it is overridden, if an entry declaration is later proven to have been in violation of section 1592(a).[6] *Cf.* 19 U.S.C. § 1592(d)

---

[5] The time for filing a protest was extended in 2004 from 90 days to 180 days from the date of liquidation or "decision". *See* Miscellaneous Trade and Technical Corrections Act of 2004, Pub. L. 108-429 § 2103(2)(B)(ii)&(iii), 118 Stat 2434, 2568 (2004). The period for voluntary reliquidation by Customs is unchanged at 90 days. *See* 19 U.S.C. § 1501.

[6] For example, prior to its repeal in 1993 section 1521 of Title 19, U.S. Code allowed reliquidation on account of fraud within two years after the date of the entry's liquidation or last reliquidation (exclusive of the time during which any protest was pending). Repeal was perhaps due to unnecessary confusion over the interplay of liquidation, customs penalties, and separate statutes

(continued...)

(requiring, notwithstanding section 1514, the recovery of underpaid lawful customs duties, taxes and fees, whether or not a monetary penalty is assessed); 19 U.S.C. § 1520(c)(1) (previously providing for reliquidations within one year, notwithstanding that a protest was not filed, to correct for error, mistake of fact, or other inadvertence), *repealed by* Pub. L. 108–429 § 2105, 118 Stat. at 2598.

NSC, indeed, emphasizes the absence of any reference to "interest" in subsection (d) of section 1592 among the underpayments required to be recovered where a violation of subsection (a) is discovered. But that absence of "interest" does not mean it is appropriate to interpret the provision *inclusio unius est exclusio alterius*. Rather, the context and ambit of subsection (d) only underscores that section 1514 finality does not properly operate in the context of a liquidation of an entry declaration made in violation of 1592(a). If that were not so, the collection of "lawful duties, taxes, fees" following a subsection 1592(s) discovery would necessarily be subsumed by–and therefore precluded beyond–the time limitation of section 1514(a) (declaring that "decisions of the Customs Service . . . shall be final and conclusive upon all persons [ ]including the United States") or, as applicable, section 1504(a) (deemed liquidation) or other such provision. Interest on the underpayments is merely the natural, logical, and economic result of the underpayment that Customs is required to recover, and Congress was undoubtedly aware that nonpenal interest on underpayments is specifically provided for in section 1505 . In other words, the absence of "interest" in section

---

[6] (...continued)
of limitation, *see*, *e.g.*, *TIE Communications, Inc. v. United States*, 18 CIT 358 (1994), but whatever the reason, the void left intact "[t]he general rule . . . that the United States is exempt from statutes of limitations unless Congress has expressly provided otherwise." *Id*. at 360. *See*, *e.g.*, *United States v. Ataka America, Inc*, 17 CIT 598, 600 (1993) ("[c]ourts have refused to apply the contract statute of limitations to the government where the obligation, although expressed in a contract, is essentially statutory) (citations omitted).

1592(d) does not preclude its recovery pursuant to section 1505, and NSC's arguments do not compel reconsideration of the Court's conclusions on the matter.

For its part, the government agrees that it should be made as close to whole as possible and therefore it supports the prior opinion as furthering public policy. However, the government requests that the statutory penalty "cap" be considered or at least utilized analogously for the purpose of determining the final judgment amount. Pl's Response to NSC's Mot. for Recons. at 3. The government notes that the penalty interest recoverable in a prior disclosure for negligence is capped at an amount calculated from the date of prior *liquidation* to the date of tender, *see* 19 U.S.C. § 1592(c)(4)(B), whereas the amount of theoretically recoverable compensatory interest is from the date of *entry* to the date of tender. *Cf.* 19 U.S.C. § 1592(c)(4)(B) *with* 19 U.S.C. §§ 1505; 19 C.F.R. § 24.3a. *See NSC II*, Slip Op. 06-90 at 11, n.2 ("section 1505(c) compensatory interest, which is not penalty interest, apparently continues to accrue until paid, subject to section 1505(d) delinquency interest"). "As a result," the government argues, the Court should enter judgment

> in favor of the United States for $250,840.21, which is the sum of the interest penalties demanded in the Complaint, as well as award the United States prejudgment interest upon this amount. *See generally United States v. Yuchius Morality Co.*, 26 CIT 1224 (2002) (awarding prejudgment interest in section 1592 action). This would still be $25,579.70 less than the Court's award for $10,000 plus interest calculated under 19 C.F.R. § 24.3a. However, this award would recognize the penalty cap contained in 19 U.S.C. § 1592(c)(4)(B).
>
> *For these reasons*, we respectfully request that the Court clarify its judgment by noting that the final amount due is capped by the accrued interest upon the unpaid merchandise processing fees from the date of *liquidation* until the date of tender, plus prejudgment interest.

*Id*. at 4-5 (italics added in second paragraph).

The judgment on slip opinion 06-90 awarded 1505(c) interest to the government "from the date of the applicable entry to the date of the . . . reliquidation of the applicable entry in accordance with 19 U.S.C. § 1505(c)[.]" The government does not precisely explain why the compensatory interest award must be capped at the amount of Customs' pre-penalty demand notice to NSC, *i.e.*, from the date of liquidation; nonetheless, the Secretary of the Treasury has discretion over the calculation of Customs' compensatory interest, *cf.* 19 U.S.C. §§ 1505(c) ("at a rate determined by the Secretary"), and if the government is content to regard a lesser amount as "full" compensation of the U.S. Treasury, *cf.* 19 U.S.C. § 1592(c)(4)(B), then so be it. The Court therefore assents to the government's request and further finds the modification of the compensatory interest award to the certain amount of $250,840.21 to be "adequate" compensation for purposes of the tenth *Complex Machine Works* factor, such that this modification need not disturb the $10,000 interest penalty assessed against NSC by slip opinion 06-90. The judgment will thus be modified accordingly. As necessary, the Court draws attention to the fact that the change does not, thereby, convert the judgment on that amount from 1505(c) compensatory interest to 1592(c)(4)(B) penal interest.

Establishing the compensatory interest award at the same level as the penalty interest prayed in the complaint still leaves the government holding the opportunity cost of NSC's nonpayment following Customs' demand notice, however. Perhaps therefore, the government renews its request for prejudgment interest. "Award of such interest is within the equitable powers of the court." *Yuchius*, *supra*, 26 CIT at 1240 (citations omitted). As in *Yuchius*, this Court perceives "no unreasonable delay on the part of the government" in pursuing this action following issuance of its penalty demand upon NSC. The damage to the government was ascertainable and certain, *see* 19

U.S.C. § 1505(c), and pre-judgment interest was demanded in the complaint.  It will therefore be

allowed.


                                                    /s/  R. Kenton Musgrave
                                                R. KENTON MUSGRAVE, JUDGE

Dated: September 8, 2006
       New York, New York