Slip Op. 06-185

# *UNITED STATES COURT OF INTERNATIONAL TRADE*

—————————————————————
                                          :
FUJI AMERICA CORPORATION,                 :
                                          :
                   Plaintiff,             :
                                          :
                                          :      **Before: MUSGRAVE, Judge**
          v.                              :
                                          :      Court No. 03-00126
THE UNITED STATES,                        :
                                          :
                   Defendant.             :
                                          :
—————————————————————:

[Defendant moved, pursuant to USCIT R. 59 for partial rehearing of Court's decision, alleging that the court "overlooked" a "material matter of law or fact." Defendant claimed that there as a "significant flaw" in the classification of certain imported merchandise as had plaintiff "conceded," in a footnote, that the correct classification of the merchandise depended on the manner in which it was imported. The Court denied defendant's motion for rehearing as the referenced footnote did not actually stand for the proposition asserted and, so, did not alter the Court's reasoning.]

Dated: December 19, 2006

*Katten Muchin Zavis Rosenman LLP* (*Mark S. Zolno*, *Eric R. Rock*, and *David P. Sanders*) for the plaintiff.

*Peter D. Keisler*, Assistant Attorney General; *Barbara S. Williams*, Attorney in Charge, International Trade Field Office, Commercial Litigation Branch, Civil Division, United States Department of Justice (*Arthur J. Gribbin* and *Bruce N. Stratvert*); Office of the Assistant Chief Counsel, International Trade Litigation, United States Customs and Border Protection (*Sheryl F. French*), of counsel, for the defendant.

## ORDER

Defendant moves, pursuant to USCIT R. 59, for reconsideration or rehearing of a portion of the Court's decision in *Fuji America Corporation v. United States*, 30 CIT __, Slip Op. 06-116 (July 26, 2006). The granting of a motion for reconsideration or rehearing lies "within the sound discretion of the Court." *See Paul Muller Industrie GmbH & Co. v. United States*, 30 CIT __, 442 F. Supp. 2d 1363 (2006) (citing *Union Camp Corp. v. United States*, 21 CIT 371, 372, 963 F. Supp.

1212, 1213 (1997); *Kerr-McGee Chem. Corp. v. United States*, 14 CIT 582, 583 (1990)).

By its motion Defendant states that "[t]he purpose of this motion is to direct the Court's attention to some material matter of law or fact which has been overlooked in deciding this action, and which, if it had been given consideration, would likely have brought about different results." Def.'s Mot. for Reh'g ("Def.'s Mot.") at 1 (citing *Ugine & Alz Belgium, N.V. v. United States*, 29 CIT __, Slip Op. 05-113 (Aug. 29, 2005). Specifically, defendant argues that certain merchandise at issue—"feeders"—are "imported under two different scenarios, some with the chip placers with which they operate, and some without the chip placers." *Id*. at 4. Defendant, citing a footnote in plaintiff's moving brief, postulates that plaintiff "appears not to have challenged the classification of the feeders when they were imported with the chip placers with which they operate, inasmuch as it conceded that the classification under those circumstances would be controlled by the classification of the chip placers." *Id*. (citing Pl.'s Mem. Supp. Summ. J. at 33 n.2). Defendant reasons that plaintiff conceded this issue because plaintiff cited the reasoning in a Headquarters Ruling Letter ("Ruling Letter") that contains a "functional unit" analysis. *See id*.; *see also* HRL 965608 (Sep. 10, 2002). Defendant argues that, using the "conceded" analysis, feeders "imported with" chip placers constitute a "functional unit" and, as such, should be classified under the same subheading as chip placers. The court does not agree. Importantly, as pointed out by plaintiff, the Ruling Letter cited in the footnote in no way addresses whether chip placers and feeders constitute a "functional unit" when imported together. *See* Pl.'s Resp. to Def.'s Mot. for Reh'g at 6. Instead, the issue addressed by the Ruling Letter is whether a chip placer in and of itself is a "functional unit." *See* HRL 965608 (stating, in section titled "Classification of Chip Placers/Mounters" that

"[t]he protestant states that the subject merchandise are functional units . . . ."). As such, the Court finds that there was no "material matter of law or fact" that was overlooked in deciding the classification of the feeders which would alter the Court's reasoning.[1] Accordingly, defendant's motion is denied.[2]

/s/ R. Kenton Musgrave
R. Kenton Musgrave, Judge

Dated: December 19, 2006
           New York, New York

---

[1]     In any event, it is doubtful that this issue carries much weight as it was "raised" exclusively in a footnote. The Court understands that footnotes are, at best, a means of clarifying or reinforcing a point or points made in the text and not for raising new arguments or issues. A review of various authorities bolsters this view. As stated by one: "Don't count on readers to look at your substantive footnotes. Most readers find shifting their attention up and down the page tiring and distracting. And the very fact that the material is footnoted rather than in the body of the writing signals that the content is not of central importance. . . . Some courts will disregard arguments raised exclusively in footnotes. Bryan A. Garnet, *The Redbook, A Manual on Legal Style* § 9.9 (2d ed. 2006). As stated by another: "The pseudo-scholarly approach of tackling substantive, sometimes quite subtle, themes and topics in the fine print of footnotes is a fierce distraction. Burying an argument in a footnote, and expecting the reader to excavate it, is simply inexcusable." Tom Goldstein & Jethro K. Lieberman, *The Lawyer's Guide to Writing Well* 100 (2d ed. 2002). Indeed, were the issue of such importance, the Court would expect it to be fleshed out during the normal course of briefing—which was not the case in the instant action.

[2]     Defendant also states that this court's decision should be modified to reflect classification of the subject merchandise "through the 8-digit level." *See* Def.'s Mot. at 7 (citing Harmonized Tariff Schedule of the United States ("HTSUS") Preface; *id*. General Statistical Note 2). Since this matter has been appealed to the Court of Appeals for the Federal Circuit, and because a decision by that court may, in itself, modify the tariff classification of the subject merchandise, this Court will re-visit this issue once the appellate process has run its course.