Slip Op. 02-43

## UNITED STATES COURT OF INTERNATIONAL TRADE

| | | |
|---|---|---|
| AMMEX, INC., | : | |
| Plaintiff, | : | |
| v. | : | **Before: WALLACH, Judge**<br>**Court No.: 99-01-00013** |
| UNITED STATES OF AMERICA, | : | |
| Defendant. | : | |

[Motion for Reconsideration: Denied.]

Decided: May 1, 2002

Steptoe & Johnson LLP (Herbert C. Shelley, Alice A. Kipel), for Plaintiff.

Robert D. McCallum, Jr., Assistant Attorney General; John J. Mahon, Acting Attorney in Charge, International Trade Field Office, Commercial Litigation Branch, Civil Division, United States Department of Justice (Amy M. Rubin), for Defendant.

**WALLACH, Judge.**

## MEMORANDUM OPINION AND ORDER

### I

### INTRODUCTION

Purusant to USCIT Rule 59, Plaintiff Ammex, Inc. ("Ammex") moves the court to

reconsider its decision in Slip Opinion 02-20 and accompanying order, dated February 22, 2002

1

("Slip Op."),[1] in which the court denied Ammex's Motion for Order to Show Cause Why Defendant Should Not be Held in Contempt ("Ammex's Contempt Motion"). Ammex claims the February 22, 2002 opinion should be reconsidered because, it says: (1) the court reviewed Ammex's res judicata argument under issue preclusion instead of claim preclusion principles, and (2) the opinion misconstrues Ammex's October 23, 2000 letter to Customs as a forfeiture of Ammex's ability to challenge the revocation decision on res judicata grounds. Ammex's Motion for Reconsideration is denied.

## II

## DISCUSSION

The grant of a motion for reconsideration is within the sound discretion of the court. Union Camp Corp. v. United States, 21 CIT 371, 963 F. Supp. 1212, 1213 (1997). "The purpose of a rehearing is not to relitigate the case but, rather, to rectify a fundamental or significant flaw in the original proceeding." Asociacion Colombiana de Exportadores de Flores v. United States, 22 CIT 724, 19 F. Supp.2d 1116, 1118 (1998). It is well established that the court will not disturb its decision unless it is "manifestly erroneous." Precision Speciality Metals v. United States, 182 F. Supp.2d 1314, 1321 (CIT 2001). The circumstances in which a "significant flaw" or "manifestly erroneous" decision is present are as follows:

(1) an error or irregularity in the trial; (2) a serious evidentiary flaw; (3) a discovery of important new evidence which was not available even to the diligent party at the time of trial; or (4) an occurrence at trial in a nature of an accident or unpredictable surprise or unavoidable mistake which impaired a party's ability to adequately present its case.

---

[1] Familiarity with the court's earlier opinion is assumed.

2

USEC, Inc. v. United States, 138 F. Supp.2d 1335, 1337 (CIT 2001). Ammex has not established that reconsideration of the court's earlier decision is warranted.

Contrary to Ammex's argument, the court's February 22, 2002 opinion rested on the court's lack of jurisdiction to hear Ammex's contempt motion. See Slip Op. at 6-10. In addressing the numerous arguments raised by Ammex, the court found Ammex's res judicata argument unpersuasive and stated that "[i]ssue preclusion should thus not operate to bar either party from raising [the] issue in the correct procedural posture." Id. at 11. Ammex now argues that the focus of its res judicata argument was on claim preclusion grounds and that the court erred by focusing instead on issue preclusion.

"Under the doctrine of res judicata [claim preclusion], a judgment on the merits in a prior suit bars a second suit involving the same parties or their privies based upon the same claim or cause of action." Golden Pac. Bancorp v. United States, 15 F.3d 1066, 1071 (Fed. Cir. 1994) (citing 1B James W. Moore et al., Moore's Federal Practice ¶ 0.401[1] (2d ed. 1993)). The court is not persuaded that the claim or cause of action in Ammex, Inc. v. United States, 116 F. Supp.2d 1269 (CIT 2000) ("Ammex I"), is the same claim at the basis of Customs' revocation of the September 5, 2000 letter. In denying Ammex's Contempt Motion, the court recognized the distinction between Ammex's initial claim raised in Ammex I (that the specific decisions and rationale contained in the challenged Customs Headquarter rulings were arbitrary, capricious, or contrary to law) and the separate and distinct claim with which Ammex challenged Customs' revocation of the September 5, 2000 letter (that the fuel sold at Ammex's duty-free store satisfies the statutory definition of "duty-free merchandise" and that such fuel is not subject to federal tax). See Slip Op. at 7. Because claim preclusion operates to "bar a second suit raising claims

3

based on the same set of transactional facts," <u>Jet, Inc. v. Sewage Aeration Sys.</u>, 223 F.3d 1360, 1362 (Fed. Cir. 2000), and Ammex has failed to establish that the "transactional facts"underlying the claim in <u>Ammex I</u> are the same as those underlying Customs' revocation decision, Ammex's claim preclusion argument failed then, and still fails.

Ammex also argues in its Motion for Reconsideration that a mistake of fact underlies the court's conclusions regarding Ammex's October 23, 2000 letter of Ammex to Customs. "Contrary to the Court's understanding," Ammex argues, "Ammex did not write the October 23, 2000 letter because Ammex believed the excise tax question was left unresolved after *Ammex I*." Memorandum of Law in Support of Ammex, Inc.'s Motion for Reconsideration ("Ammex's Memo") at 7 (footnotes omitted). As previously noted, the court's opinion was grounded on the basis that the court lacked jurisdiction to hear Ammex's contempt motion because such motion raised an issue separate and distinct from the issues raised in the original proceeding. The opinion simply did not rest on any conclusions the court drew from the October 23, 2002 letter.

The decision to grant or deny a civil contempt motion is discretionary. <u>MAC Corp. of Am. v. Williams Patent Crusher & Pulverizer Co.</u>, 767 F.2d 882, 885 (Fed. Cir. 1985). Ammex has not established the existence of a fundamental, significant, or relevant flaw in the original proceeding, nor brought to light any evidence that the court's decision is manifestly erroneous. Instead, Ammex has merely reiterated its original position and again mischaracterized the court's holding in <u>Ammex I</u>. Given Ammex's failure to establish the requisites for reconsideration and the discretionary nature of a decision on a contempt motion, Ammex's motion is unpersuasive.

## III

## CONCLUSION

For the foregoing reasons, Ammex's Motion for Reconsideration is denied.

_____
Evan J. Wallach, Judge

Dated:  May 1, 2002
        New York, New York