Slip Op. 03-14

# UNITED STATES COURT OF INTERNATIONAL TRADE

| | | |
|---|---|---|
| USINOR INDUSTEEL, S.A., DUFERCO CLABECQ, S.A., AG der DILLINGER HÜTTENWERKE, SALZGITTER AG STAHL und TECHNOLOGIE, and THYSSEN KRUPP STAHL AG, | : : : : : | |
| Plaintiffs, | : : | |
| v. | : : | Consolidated Court No. 01-00006 |
| THE UNITED STATES, | : : | |
| Defendant, | : : | |
| and | : : | |
| BETHLEHEM STEEL CORPORATION and U.S. STEEL GROUP, A UNIT OF USX CORP., | : : : | |
| Defendant-Intervenors. | : : | |

[Motion for Reconsideration Denied.]

Dated: February 4, 2003

DeKieffer and Horgan (Marc E. Montalbine, Merritt R. Blakeslee, and Wakako O. Takatori) for plaintiffs AG der Dillinger Hüttenwerke, Salzgitter AG Stahl und Technologie and Thyssen Krupp Stahl AG.

Lyn M. Schlitt, General Counsel, James M. Lyons, Deputy General Counsel, United States International Trade Commission (Rhonda M. Hughes), for defendants.

Dewey Ballantine LLP (Alan Wm. Wolff, Kevin M. Dempsey, and Rory F. Quirk) and Skadden, Arps, Slate, Meagher & Flom LLP (Robert E. Lighthizer, John J. Mangan, and James C. Hecht) for defendant-intervenors Bethlehem Steel Corporation and U.S. Steel Group, a unit of USX Corporation.

## OPINION

**RESTANI, Judge:** This matter is before the court on Plaintiffs' motion for

reconsideration pursuant to USCIT Rules 59(a) and (e).  AG der Dillinger Hüttenwerke,

Salzgitter AG Stahl und Technologie, and Thyssen Krupp Stahl AG (collectively the "German

Producers") request that the court reconsider its most recent decision in this matter.  See Usinor

Industeel, S.A. v. United States, No 01-00006, slip op. 02-152 (Ct. Int'l Trade December 20,

2002) ("Usinor").  The court has discretion to grant a motion for reconsideration, but generally

will not disturb its previous decision unless it was "manifestly erroneous."  Ammex, Inc. v.

United States, 201 F. Supp. 2d 1374, 1375 (Ct. Int'l Trade 2002).  The German Producers argue

that the court erred by failing to require in its remand order that the International Trade

Commission (the "Commission") consider the impact of the presently undetermined final

countervailing duty ("CVD") rate on cut-to-length plate in AG der Dilllinger Hüttenwerke v.

United States, No. 00-09-00437 (Ct. Int'l Trade).

Under Borlem S.A. - Empreedimentos Industrias v. United States, the court may remand

an issue to the agency for reconsideration where intervening events may be determinative.  913

F.2d 933, 939 (Fed. Cir. 1990).  In Usinor, the court, citing Borlem, remanded this matter to

Commission to consider the effect of the CAFC's decision in Duferco Steel, Inc. v. United

States, 296 F.3d 1087 (Fed. Cir. 2002) ("Duferco") (excluding floor plate from the scope of

review in this matter).  The German Producers argue that the court erred because it did not

similarly require the Commission to consider events in another related case – Dillinger.[1]  This

---

[1]  In AG der Dilllinger Hüttenwerke v. United States, 193 F. Supp. 2d 1339 (Ct. Int'l
Trade 2002) [hereinafter "Dillinger I"], the court initially remanded the final results of the full

argument fails for three reasons.

First, the court is not required to remand where intervening events occur. <u>Borlem</u> makes it clear that the reviewing court has discretion to weigh the effect of the new development and "may" remand if it finds that they may be determinative. <u>Borlem</u>, 913 F.2d at 939. A party may alternatively seek a changed circumstances review under 19 U.S.C. § 1675(b). Because there is no remand requirement, the German Producers' proclamation that the court "erred" is without support.

Second, the CVD rate that may result from <u>Dillinger</u> is not determinative. Under 19 U.S.C. § 1675a(a)(6), the Commission looks to several factors, including the nature of the countervailable subsidy, in reaching its sunset review determination. <u>Id.</u> ("In making a determination under section 1675(b) or (c) of this title, the Commission <u>may</u> consider the magnitude of the margin of dumping or the magnitude of the net countervailable subsidy.") (emphasis added). Consequently, a change in the CVD rate would not necessarily affect the Commission's determination.[2]

---

sunset reviews in <u>Certain Corrosion-Resistant Carbon Steel Flat Products; Cold-Rolled Carbon Steel Flat Products; and Cut-to-Length Carbon Steel Plate Products from Germany</u>, 65 Fed.Reg. 47,407 (Dep't Commerce Aug. 2, 2000) (final determ. upon sunset review) [hereinafter "Dillinger Sunset Determination"], to the Department of Commerce ("Commerce") with instructions to, among other things, determine whether, if at all, adjustments to the [CVD] rate are warranted and to make "findings pursuant to sunset review with respect to whether application of current methodologies . . . would result in a more accurate CVD rate." <u>Dillinger I</u> at 1359-61.

[2] The German Producers argue that the Commission has nonetheless "relied" upon the likely CVD rate in making its determination, therefore, the Commission should be required to consider any changes. Review of the determination reveals that the Commission makes clear that the likely CVD rate was one of several factors that contributed to the broader determination. <u>See Certain Carbon Steel Products From Australia, Belgium, Brazil, Canada, Finland, France,</u>

Finally, unlike Duferco, Dillinger is not final.  In AG der Dilllinger Hüttenwerke v. United States, No. 00-09-00437, slip op. 02-107 at 5 (Ct. Int'l Trade Feb. 28, 2002) [hereinafter "Dillinger II"], the court rejected Commerce's argument that it was unable to determine the actual net countervailable rate likely to prevail if the CVD orders were revoked, as required by 19 U.S.C. § 1675(d)(2), and remanded the matter to Commerce to "determine what specific information it needs to conduct a full sunset review and how long it needs to gather that information."  Dillinger II, slip op. at 26.  Commerce has until March 6, 2003, to determine the new rate.  See Dillinger Scheduling Order dated Dec. 6, 2002. The new rate has not yet been calculated, much less reviewed by this court or the CAFC.  The court will not require the Commission to delay its determination in Usinor until Commerce's final rate is determined, affirmed, and beyond appeal in Dillinger.  Once final, the German Producers, as discussed, may seek a changed circumstances review if the matter is not mooted by Commerce's determination.

For the foregoing reasons, Plaintiffs' motion for reconsideration is hereby denied.

_____
Jane A. Restani
JUDGE

Dated:  New York, New York

This 4th day of February, 2003.

_____

Germany, Japan, Korea, Mexico, the Netherlands, Poland, Romania, Spain, Sweden, Taiwan, and the United Kingdom, USITC Pub. 3364, at 29-30 & n. 174 (Nov. 2000); Separate Remand Views of Commissioner Lynn B. Bragg Regarding Cumulation, at 4 (July 1, 2002) ("Bragg Remand Views").  The German Producers mischaracterize the Commission's position. The Commission never suggests that the rate was key to its final determination.