Slip Op. 05-98

# UNITED STATES COURT OF INTERNATIONAL TRADE

|  |  |  |
|---|---|---|
| Dixon Ticonderoga Company, | : | |
| Plaintiff, | : | |
| | | **Court No. 04-00027** |
| v. | : | **Before: Judith M. Barzilay, Judge** |
| United States Customs and Border Protection | : | |
| and Robert C. Bonner, | : | |
| Defendants. | : | |

## <u>MEMORANDUM ORDER</u>

[Defendants' USCIT R. 59 Motion for Rehearing denied.]

Decided: August 18, 2005

*Gray Robinson, P.A.* (*A. Anthony Giovanoli*), *Guy S. Haggard* for Plaintiff.

*Peter D. Keisler,* Assistant Attorney General; *David M. Cohen*, Director; *(Jeanne E. Davidson)*, Deputy Director; (*David S. Silverbrand*), Trial Attorney, U.S. Department of Justice, Civil Division, Commercial Litigation Branch; *Charles Steuart*, Office of Chief Counsel, United States Customs & Border Protection, of counsel, for Defendant.

**BARZILAY, JUDGE**:

On April 4, 2005, this court entered a Judgment Order granting plaintiff Dixon Ticonderoga Co.'s ("Dixon's") Motion for Judgment on the Agency Record. *Dixon Ticonderoga Co. v. United States Customs and Border Protection*, Slip Op. 2005-46.[1] Now defendants, United States Customs and Border Protection and Robert C. Bonner (collectively "Defendant") ask this court to reconsider the above-mentioned judgment and opinion, to grant a rehearing, and

---

[1] Familiarity with this prior opinion is presumed.

to dismiss Dixon's cause of action pursuant to USCIT Rule 59(a)(2). After having considered Defendant's arguments to the contrary, the court finds no fundamental or significant mistake resulting in manifest error. Therefore, Defendant's motion is denied.

Rule 59(a)(2) allows this Court to order a rehearing in an action finally determined, for any of the reasons that United States courts have granted rehearings in suits in equity. The granting or denying of a motion for rehearing rests within the sound discretion of the court. *See Ammex, Inc. v. United States*, 201 F. Supp. 2d 1374, 1375 (CIT 2002); *Mitsubishi Heavy Indus., Ltd. v. United States*, 112 F. Supp. 2d 1170, 1171 (CIT 2000). Reconsideration is appropriate when meant to rectify a fundamental or significant flaw in the original proceeding that results in a manifest error. *Mitsubishi*, 112 F. Supp. 2d at 1171 (citations and quotations omitted).

Defendant argues in this motion, as it did in opposition to Dixon's Motion for Judgment on the Agency Record, that Dixon was not substantially prejudiced by Defendant's late published notice. As Defendant points out, prejudice means injury to an interest that the statute, regulation, or rule in question was designed to protect. *Deft.'s R. 59 Mot. for Rehearing* at 5 (citing *Intercargo Ins. Co. v. United States*, 83 F.3d 391, 394 (Fed. Cir. 1996) (quotations omitted)). As explained in the opinion, Dixon, being a domestic pencil manufacturer, had an interest in applying for and receiving a distribution pursuant to the Continued Dumping and Subsidy Offset Act of 2000 ("CDSOA"), also known as the Byrd Amendment. Both the CDSOA and the Customs regulation at issue, 19 C.F.R. § 159.62(a), were designed to protect this interest.

Furthermore, none of the cases Defendant cites in its motion shed any new light on the matter at hand. In *Cathedral Candle Co., et. al. v. United States International Trade Comm'n,*

*et. al.*, 400 F.3d 1352 (Fed. Cir. 2005), the Federal Circuit considered a case where Customs complied with 19 C.F.R. § 159.62(a) and provide timely notice. In that case Customs granted discretion to the International Trade Commission's ("ITC") resolution of a conflict between the confidentiality requirements of 19 U.S.C. § 1677f and the notice requirements of the Byrd Amendment, 19 U.S.C. § 1675c. Therefore, the Court held that where the plaintiffs did not waive the confidentiality they had originally opted for, the timely published notice did not violate the Byrd Amendment when it failed to include plaintiffs on the list of affected domestic producers.[2] *Cathedral Candle*, 400 F.3d at 1367, 1372.

Also distinguishable is this Court's recent opinion in *Candle Artisans, Inc. v. United States International Trade Comm'n, et. al.*, 29 CIT __, 362 F. Supp. 2d 1352 (2005). Similar to the facts of *Cathedral Candle*[3] and in contrast to those presented in this case, Customs published timely notice of its intent to distribute, but did not include plaintiffs' names on the list because they had not waived confidentiality. In both *Cathedral Candle* and *Candle Artisans*, the plaintiffs' inability to obtain notice was not due to any fault or omission on the part of Customs. Rather, Customs was held to have made a reasonable interpretation of two seemingly conflicting statutes, and its decision not to publish the names of domestic producers who had not waived confidentiality was accorded deference by the Courts. In the present case, Customs failed to

---

[2] Although not relevant to the issues at hand, integral to the Federal Circuit's holding in *Cathedral Candle* were the additional determinations that section 4 of the Administrative Procedure Act ("APA") was not applicable to the facts in that case, and that the ITC was not required under section 3 of the APA to publish Federal Register notice indicating that it was only submitting the names of those persons that indicated public support for the petition. 400 F.3d at 1369, 1371-72.

[3] As noted by the Court in *Candle Artisans*, 326 F. Supp. 2d at __, n.1.

abide by its own regulations by failing to provide timely notice to all affected domestic producers of the CDSOA distribution for fiscal year 2003.

As explained in the court's earlier opinion, Slip Op. 2005-46, because the Customs regulations at issue in this matter were found to be merely procedural aids, Dixon could prevail on its claim only if it demonstrated substantial prejudice. *Id.* at 9 (citing *Kemira Fibres Oy v. United States*, 61 F.3d 866 (Fed. Cir. 1995) (citations omitted)). Because it was one of the petitioners in *Certain Cased Pencils from the People's Republic of China*, 59 Fed. Reg. 66909 (Dec. 28, 1994), Dixon was an intended beneficiary of the CDSOA and its accompanying regulations, including 19 C.F.R. § 159.62(a). Therefore, Dixon was substantially prejudiced by Customs' late published notice. Unlike the plaintiff in *Intercargo Insurance Co. v. United States*, 83 F.3d 391 (1996), Dixon does not complain of a technical defect which, if disregarded, would deprive Dixon of relief. Rather, Dixon's interest in receiving its share of the distribution, as an intended beneficiary of the CDSOA, was injured by Customs' failure to provide timely notice. *Cf. Intercargo*, 83 F.3d at 396 ("Prejudice means injury to an interest that the statute, regulation or rule in question was designed to protect."). In other words, Dixon was squarely within the interest intended to be protected by both the statute involved and the timing regulations implicated in this case, and was prejudiced when Customs failed to properly administer that statute and accompanying regulation. *Cf. Kemira*, 61 F.3d at 875-76.

On April 29, 2005, the parties submitted a joint status report pursuant to the court's order directing the parties to confer regarding a remedy and to advise the court of this proposed remedy. In this status report, the parties indicated their agreement that, "if after all opportunities

for rehearing and/or appeal have been exhausted, [this court's April 4, 2005 opinion] is the final court decision upon this action, Dixon would be entitled to distribution from Customs of $618,896.03 in CDSOA funds for fiscal year 2003." Thus, the court orders Customs to take appropriate action to the extent authorized by law and to effect a distribution of $618,896.03 to Dixon. Furthermore, the court notes that because the only interest available pursuant to 19 U.S.C. § 1675c(d)(3) is statutory interest charged on antidumping and countervailing duties at liquidation, the sum to be distributed to Dixon does not include interest accrued. *See* 19 C.F.R. § 159.74(e). Accordingly, it is hereby

ORDERED that defendant's USCIT R. 59 motion for rehearing is denied; and it is further

ORDERED that defendant will effect a distribution of $618,896.03 to plaintiff in CDSOA funds for fiscal year 2003.

August 18, 2005 /s/ Judith M. Barzilay
_____ _____
New York, NY Judith M. Barzilay, Judge