**Slip Op. 13-60**

## UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| NAN YA PLASTICS CORPORATION, AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA, UNITED STATES CUSTOMS AND BORDER PROTECTION, THOMAS S. WINKOWSKI (ACTING COMMISSIONER, UNITED STATES CUSTOMS AND BORDER PROTECTION), UNITED STATES INTERNATIONAL TRADE COMMISSION, AND IRVING WILLIAMSON (CHAIRMAN, UNITED STATES INTERNATIONAL TRADE COMMISSION),<br><br>Defendants. | Before: Gregory W. Carman, Judge<br>Timothy C. Stanceu, Judge<br>Leo M. Gordon, Judge<br><br><br>Court No. 08-00138 |

## OPINION AND ORDER

[Granting in part plaintiff's motion for rehearing, vacating previous judgment, granting in part plaintiff's motion to amend the complaint, and concluding that new judgment should be entered]

Dated: May 10, 2013

*J. Kevin Horgan* and *Gregory S. Menegaz*, deKieffer & Horgan, of Washington, DC, for Plaintiff Nan Ya Plastics Corporation, America.

*Jessica R. Toplin*, Trial Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington, DC, for Defendants United States, U.S. Customs and Border Protection, and *Thomas S. Winkowski*, Acting Commissioner of U.S. Customs and Border Protection. With her on the briefs were *Stuart F. Delry*, Principle Deputy Assistant Attorney General, *Jeanne E. Davidson*, Director, *Franklin E. White, Jr.*, Assistant Director. Of counsel on the brief was *Andrew G. Jones*, Office of Assistant Chief Counsel, U.S. Customs and Border Protection, of Washington, DC.

*Neal J. Reynolds*, Assistant General Counsel for Litigation, and *Patrick V. Gallagher, Jr.*, Attorney Advisor, Office of the General Counsel, U.S. International Trade Commission, of Washington, DC for Defendants U.S. International Trade Commission and *Irving Williamson*, Chairman, U.S. International Trade Commission.

Stanceu, J.: Before the court is a motion for rehearing in which plaintiff Nan Ya Plastics Corporation, America ("Nan Ya") seeks an order vacating the judgment entered in *Nan Ya Plastics Corp., Am. v. United States*, 36 CIT ___, 853 F. Supp. 2d 1300 (2012) ("*Nan Ya*"). Pl.'s Mot. for Reh'g (Aug. 27, 2012), ECF No. 59 ("Mot. for Reh'g"). Also before the court is plaintiff's motion for leave to amend the Second Amended Complaint. Mot. for Leave to Amend Compl. (Jan. 7, 2013), ECF No. 69 ("Mot. to Amend").

On motions of defendants, the court entered a judgment dismissing plaintiff's action for failure to state a claim upon which relief can be granted. Judgment (July 12, 2012), ECF No. 59. In that action, Nan Ya contested, on constitutional and statutory grounds, certain administrative decisions taken by defendants, the U.S. International Trade Commission (the "ITC") and U.S. Customs and Border Protection ("Customs"), under the Continued Dumping and Subsidy Offset Act of 2000, 19 U.S.C. § 1675c (2000) ("CDSOA" or "Byrd Amendment").[1] The administrative decisions denied Nan Ya eligibility to receive disbursements of antidumping duties collected under antidumping duty orders on imports of certain polyester staple fiber ("PSF") from the Republic of Korea ("Korea") and Taiwan.

In seeking rehearing, plaintiff relies principally on what it views as an intervening change in the controlling law, citing the opinion of the United States Court of Appeals for the Federal Circuit ("Court of Appeals") in *PS Chez Sidney, L.L.C. v. U.S. Int'l Trade Comm'n*, 684 F.3d

---

[1] Pub.L. No. 106-387, §§ 1001-03, 114 Stat. 1549, 1549A-72-75, 19 U.S.C. § 1675c (2000), *repealed by* Deficit Reduction Act of 2005, Pub.L. No. 109-171, § 7601(a), 120 Stat. 4, 154 (Feb. 8, 2006; effective Oct. 1, 2007).

1374 (Fed. Cir. 2012) ("*PS Chez Sidney*"). Subsequent to filing its motion for rehearing, plaintiff filed, on January 17, 2013, its motion for leave to amend the Second Amended Complaint, on which the court based its dismissal of this action. Defendants oppose both motions.

We find merit in plaintiff's motions and decide for the reasons stated herein to vacate the judgment dismissing the action in *Nan Ya*, to issue a new judgment under USCIT Rule 54(b) dismissing only plaintiff's constitutional claims, and to allow plaintiff's statutory claims to proceed upon a third amended complaint.[2]

## I. BACKGROUND

The background of this litigation and a summary of the relevant provisions of the CDSOA are presented in our opinion in *Nan Ya*. 36 CIT at __, 853 F. Supp. 2d at 1304-07.

## II. DISCUSSION

As provided in USCIT Rule 59(a)(1)(B), rehearing may be granted "for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court." Granting or denying rehearing under Rule 59 lies "'within the sound discretion of the court.'" *Home Prods. Inc. v. United States*, 36 CIT __, __, 837 F. Supp. 2d 1294, 1298 (2012) (*quoting USEC, Inc. v. United States*, 25 CIT 229, 230, 138 F. Supp. 2d 1335, 1336 (2001)). An intervening change in the controlling law is one of the recognized grounds upon which motions for rehearing have been granted. *See Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d. Cir. 1992)).

---

[2] In addition to a setting aside of the judgment, plaintiff's motion for rehearing seeks relief directing defendants to complete and supplement the administrative record and to file answers to plaintiff's second amended complaint. Pl.'s Mot. for Reh'g 13 (Aug. 27, 2012), ECF No. 59. The court addresses these matters at the conclusion of this Opinion and Order.

According to plaintiff, the decision of the Court of Appeals in *PS Chez Sidney*, 684 F.3d 1374, effected an intervening change in the controlling law that invalidates the basis of our decision in *Nan Ya*. Mot. for Reh'g 5-9. The Court of Appeals held that the plaintiff in the case (PS Chez Sidney, L.L.C.) qualified as an "affected domestic producer" ("ADP") under the Byrd Amendment by taking certain actions in support of the relevant antidumping duty petition. Those actions included expressing support for that petition in the response to the ITC's questionnaire in the preliminary phase of the ITC's investigation. Distinguishing the circumstances in which *PS Chez Sidney* arose from those of *SKF USA, Inc. v. United States*, 556 F.3d 1337 (2009) ("*SKF*"), and referring specifically to responses to ITC questionnaires, the Court of Appeals noted that PS Chez Sidney, L.L.C. "submitted two detailed responses, checking the 'support' box in its preliminary response but checking the 'take no position' box in its final response." *PS Chez Sidney*, 684 F.3d at 1381. Later in its opinion, the Court of Appeals summarized the circumstances upon which it concluded that PS Chez Sidney, L.L.C. qualified as "an ADP within the meaning of the Byrd Amendment," again pointing out that PS Chez Sidney, L.L.C. "expressed abstract support in the preliminary response and took no position in its final response." *Id.* at 1383.

During the final phase of the ITC's injury investigation, Nan Ya "'filed a U.S. producer questionnaire taking no position with respect to support for the petitions against Korea and Taiwan.'" *Nan Ya*, 36 CIT at __, 853 F. Supp. 2d at 1309 (quoting Second Am. Compl. ¶ 23 (Apr. 4, 2011), ECF No. 37-4). However, as we stated in our *Nan Ya* opinion, the Second Amended Complaint did not allege that Nan Ya expressed support for either of the petitions in the preliminary phase of the ITC's investigation. *Id*. at __, 853 F. Supp. 2d at 1309 n.5. We

opined that even had such an allegation appeared, it still would fail, reasoning that Nan Ya

"negated any prior expression of support that it may have made" by affirmatively declining to

support either petition in the final phase of the investigation. *Id*. at __, 853 F. Supp. 2d at 1309.

Under the holding of the Court of Appeals in *PS Chez Sidney*, however, checking the "take no

position" box of the questionnaire in the final phase of the ITC's investigation does not negate a

prior expression of support made by the checking of the "support" box in the preliminary phase.

*See PS Chez Sidney*, 684 F.3d at 1381, 1383.

 Although it did not allege expressly that Nan Ya checked the "support box" in the

preliminary phase of the investigation, the Second Amended Complaint did not admit any facts

to the contrary. Now, in paragraphs 22 and 41 of its proposed Third Amended Complaint,

plaintiff would allege that Nan Ya "indicated support for the petitions" in "its preliminary

questionnaire response to the ITC."[3] Proposed Third Am. Compl. ¶ 22 (Jan. 1, 2013), ECF

No. 69-2; *see also id.* ¶ 41 (alleging that Nan Ya's preliminary response to the ITC "indicated its

support for the petitions."

 In ruling on a motion to amend the complaint, "[t]he court should freely give leave when

justice so requires." USCIT R. 15(a)(2); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962)

---

[3] Like the Second Amended Complaint, plaintiff's proposed Third Amended Complaint admits that plaintiff Nan Ya Plastics Corporation, America ("Nan Ya"), in completing the final U.S. producer questionnaire of the U.S. International Trade Commission ("ITC"), "checked the box corresponding to taking no position with respect to support for the petitions against Korea and Taiwan on the single question that specifically addressed support." Proposed Third Am. Compl. ¶ 23 (Jan. 1, 2013), ECF No. 69-2. The proposed Third Amended Complaint also alleges, confusingly, that "Nan Ya filed a final questionnaire response with the ITC in support of both petitions, detailing the injury caused to Nan Ya by reason of subject imports from Korea and Taiwan throughout." *Id.* ¶ 41. The court construes Nan Ya's allegation as a characterization of its entire final phase questionnaire response rather than as a factual allegation contradictory of the admission in ¶ 23 of the same submission.

(indicating that the court's discretion to give leave to amend must be balanced against considerations of futility, undue delay, and prejudice to the opposing party). The intervening appellate decision in *PS Chez Sidney* attached significance to an expression of support for a petition in the preliminary phase of the ITC's investigation that is followed by a final phase questionnaire response that "took no position" on that petition. *See PS Chez Sidney*, 684 F.3d at 1381-83. That significance became apparent to a party in Nan Ya's situation only after the Court of Appeals issued its decision. Plaintiff now should have the opportunity to attempt to show that its actions during the ITC investigation qualified it as an ADP by meeting the petition support requirement of the Byrd Amendment, 19 U.S.C. § 1675c(b)(1)(A), (d)(1). To allow this, it is necessary that we vacate the judgment entered in *Nan Ya* and allow the complaint to be amended to add the allegation that Nan Ya expressed support for the petitions in the questionnaire response it filed in the preliminary phase of the ITC's investigation.

In deciding to vacate the judgment and to allow an amendment to the complaint, we do not decide that there necessarily is merit in plaintiff's statutory claims, *i.e.*, the claims that Customs and the ITC violated the CDSOA in denying Nan Ya eligibility for disbursements. Nor do we find any error in our previous dismissal of plaintiff's constitutional claims, for which the holding of *PS Chez Sidney* did not change the controlling law as established by the holding of *SKF*. *See PS Chez Sidney*, 684 F.3d at 1379 n.3. Attendant to our vacating of the judgment in *Nan Ya*, we reconsider defendants' motions to dismiss this action, and in so doing we again conclude, for the reasons the court stated in *Nan Ya*, 36 CIT at ___, 853 F. Supp. 2d at 1310-14, that the constitutional claims in this case lack merit. We see no just reason for delay, and

accordingly the court will enter judgment dismissing the constitutional claims contained within the Third Amended Complaint. *See* USCIT R. 54(b).[4]

While permitting plaintiff to amend its complaint to add the allegation that Nan Ya indicated support for the petitions in its preliminary phase questionnaire response to the ITC, as set forth in paragraphs 22 and 41, we conclude that another allegation plaintiff seeks to add should not be allowed. The proposed amendments to paragraphs 22 and 41 pertain to plaintiff's statutory claims, but plaintiff seeks, in addition, to revise paragraph 53 of the Second Amended Complaint to state that Nan Ya "also supported the antidumping petitions through its questionnaire responses, testimony and financial support." Paragraph 53 pertains entirely to the claim that the CDSOA is contrary to the equal protection guarantee of the Fifth Amendment. The new allegation plaintiff proposes to add to paragraph 53 does not alter our conclusion that the petition support requirement of the CDSOA is not violative of equal protection. *See SKF*, 556 F.3d at 1360. Therefore, it would be futile for plaintiff to include in an amended complaint a revised "support" allegation in furtherance of its equal protection claim (which, along with the other constitutional claims, the court will dismiss). *See Kemin Foods v. Pigmentos Vegetales Del Centro*, 464 F.3d 1339, 1355 (Fed. Cir. 2006) (stating that an amendment that would not survive a motion to dismiss for failure to state a claim is deemed futile) (citation omitted).

Defendants raise various arguments in opposing the motions for rehearing and for leave to amend. Defs. United States and U.S. Customs and Border Protection's Resp. in Opp'n to Pl.'s

---

[4] The constitutional claims are set forth in Counts 2 through 6 of the Second Amended Complaint and the proposed Third Amended Complaint. *See* Second Am. Compl. ¶¶ 45-59 (Apr. 4, 2011), ECF No. 37-4; Proposed Third Am. Compl. ¶¶ 45-59. The statutory claims are set forth principally in Count 1 with an additional ground asserted in Count 7. *See* Second Am. Compl. ¶¶ 39-44, 60-61; Proposed Third Am. Compl. ¶¶ 39-44, 60-61.

Mot. for Recons. (Dec. 19, 2012), ECF No. 64 ("Gov't's Opp'n to Mot. for Recons."); Def. U.S. Int'l Trade Comm'n's Opp'n to Pl.'s Mot. for Reh'g (Dec. 19, 2012), ECF No. 65 ("ITC's Opp'n to Mot. for Reh'g"); Defs. United States and U.S. Customs and Border Protection's Resp. in Opp'n to Pl.'s Mot. for Leave to Amend Compl. (Feb. 5, 2013), ECF No. 73 ("Gov't's Opp'n to Mot. to Amend"); Def. U.S. Int'l Trade Comm'n's Opp'n to Pl.'s Mot. for Leave to Amend Compl. (Feb. 5, 2013), ECF No. 74 ("ITC's Opp'n to Mot. to Amend"). Defendants argue, *inter alia*, that the judgment in *Nan Ya* should not be vacated because the holding in *PS Chez Sidney* is distinguishable, Nan Ya having failed to plead (in the Second Amended Complaint) that it expressed support for the petitions in the preliminary phase questionnaire. Gov't's Opp'n to Mot. for Recons. 3-9; ITC's Opp'n to Mot. for Reh'g 3-8. With respect to amending the complaint, defendants argue that Nan Ya should have pled its expression of support in the preliminary phase questionnaire earlier and has failed to offer a reasonable explanation for its delay. Gov't's Opp'n to Mot. to Amend 3-8; ITC's Opp'n to Mot. to Amend 8-9. They argue, specifically, that this litigation was commenced in 2008, that Nan Ya's delay in seeking leave to amend has prejudiced them, and that Nan Ya did not seek leave to amend its complaint until nearly six months after the decision in *PS Chez Sidney* was issued and did so only after defendants filed their oppositions to the motion for rehearing, in which defendants pointed out that Nan Ya had not pled that it expressed support for the petitions in the preliminary phase. *Id*.

The fact that this litigation was commenced more than five years ago does not convince us that plaintiff should be precluded from amending its complaint. Prior to the decision of the Court of Appeals in *PS Chez Sidney*, it was reasonable for Nan Ya not to accord any particular significance to its expression of support for the petitions in the preliminary phase questionnaire

due to its expression of non-support for the petitions in the final phase. It was only after the

Court of Appeals issued its opinion in *PS Chez Sidney* that the significance for this case of a

preliminary phase expression of support in an ITC questionnaire became clear. Therefore, we do

not agree with the argument that Nan Ya should have moved to amend its complaint prior to the

appellate decision in *PS Chez Sidney*. We see some merit to the argument that Nan Ya,

following that decision, could have sought leave to amend sooner rather than waiting nearly six

months. However, in exercising our discretion, we decline to deny the motion to amend as

untimely on this ground. Here, no established time limit applied for seeking leave to amend, and

we have no basis to conclude that defendants were prejudiced by Nan Ya's failure to file its

motion for leave to amend earlier in the six-month period.

The ITC argues that "by filing its amendment in such a delayed fashion, Nan Ya has

prejudiced the ability of the Commission and Customs to respond to its request in the context of

their papers addressing Nan Ya's motion for rehearing." ITC's Opp'n to Mot. to Amend 9. We

are not convinced by this argument. The ITC's need to file a separate response to plaintiff's

motion to amend, having already filed a response to plaintiff's motion for rehearing, rather than a

one combined opposition, hardly seems a significant burden and was in no way prejudicial to the

ITC's presentation of its reasons for opposing both motions. And defendants United States and

Customs could not have been prejudiced, having addressed the prospect of possible amendment

of the complaint in their opposition to the motion for rehearing. Gov't's Opp'n to Mot. for

Recons. 7-9. Overall, we conclude that delay and prejudice are not reasons to deny the motion to

amend the complaint because this action, prior to dismissal, had not progressed beyond the

pleading stage.

### III.  CONCLUSION AND ORDER

For the aforestated reasons, we conclude that this action should proceed upon plaintiff's statutory claims but that plaintiff has not demonstrated a basis for reconsideration of our dismissal of plaintiff's constitutional claims, which the court, for the reasons the court stated in *Nan Ya*, 36 CIT at \_\_\_, 853 F. Supp. 2d at 1310-14, again will dismiss.  Concluding pursuant to USCIT Rule 54(b) that there is no just reason for delay, the court will enter a new judgment dismissing the constitutional claims in plaintiff's Third Amended Complaint.

Therefore, upon consideration of plaintiff's Motion for Rehearing, plaintiff's Motion to Amend, defendants' responses thereto, and all other papers and proceedings herein, and upon due deliberation, it is

**ORDERED** that plaintiff's motion for rehearing be, and hereby is, granted in part and denied in part; it is further

**ORDERED** that the judgment entered in this action on July 12, 2012 be, and hereby is, vacated; it is further

**ORDERED** that plaintiff's motion to amend the complaint be, and hereby is, granted in part and denied in part; it is further

**ORDERED** that plaintiff's Third Amended Complaint, with the exception of the revision sought by ¶ 53 of the proposed Third Amended Complaint, is accepted for filing pending the dismissal of all constitutional claims (as set forth in counts 2 through 6 therein) through the entry of a new judgment in this action, entered this date; it is further

**ORDERED** that defendants, upon filing answers to the Third Amended Complaint, shall file as part of the administrative record, as described in USCIT Rule 73.3, any additional documents that may be necessary with respect to the claims remaining in the Third Amended Complaint; it is further

**ORDERED** that plaintiff's motion to supplement the administrative record is denied without prejudice and may be refiled after defendants have had the opportunity to supplement the administrative record in accordance with USCIT Rule 73.3; and it is further

**ORDERED** that the time period in which defendants must respond to the Third Amended Complaint shall be as provided in the Rules of this Court.


                                                        /s/ Timothy C. Stanceu
                                                        Timothy C. Stanceu
                                                        Judge


Dated: May 10, 2013
          New York, New York