**Slip Op. 14-23**

**UNITED STATES COURT OF INTERNATIONAL TRADE**

| |
|---|
| **DOWNHOLE PIPE & EQUIPMENT, LP**, <br><br> Plaintiff, <br><br> v. <br><br> **UNITED STATES and UNITED STATES INTERNATIONAL TRADE COMMISSION**, <br><br> Defendants, <br><br> and <br><br> **VAM DRILLING USA, TEXAS STEEL CONVERSIONS, INC., ROTARY DRILLING TOOLS, TMK IPSCO, and UNITED STATES STEEL CORPORATION**, <br><br> Defendant-intervenors. |

**Before: Timothy C. Stanceu, Judge**

**Court No. 11-00080**

<u>OPINION AND ORDER</u>

[Denying motion of four defendant-intervenors for rehearing of court's decision remanding an affirmative threat determination of the U.S. International Trade Commission and for a stay pending the court's decision on rehearing]

Date: February 25, 2014

*Mark B. Lehnardt*, Lehnardt & Lehnardt LLC, of Liberty, MO for plaintiff Downhole Pipe & Equipment, LP. With him on the brief was *Irene H. Chen*, Chen Law Group LLC, of Rockville, MD.

*David A. Goldfine*, Attorney-Advisor, U.S. International Trade Commission, of Washington, DC, for defendants United States International Trade Commission and United States. With him on the brief were *Paul R. Bardos*, Assistant General Counsel and *Neal J. Reynolds*, Assistant General Counsel.

*Roger B. Schagrin* and *John W. Bohn*, Schagrin Associates, of Washington, DC, for defendant-intervenors VAM Drilling, Texas Steel Conversions, Inc., Rotary Drilling Tools, and TMK IPSCO.

*Stephen P. Vaughn*, *Robert E. Lighthizer*, and *James C. Hecht*, Skadden, Arps, Slate, Meagher & Flom LLP, of Washington, DC, for defendant-intervenor United States Steel Corporation.

Stanceu, Judge: Four defendant-intervenors in this case, VAM Drilling USA, Texas Steel Conversions, Inc., Rotary Drilling Tools, and TMK IPSCO, jointly move for rehearing of the court's decision remanding an affirmative final threat determination of the United States International Trade Commission ("ITC" or the "Commission"). Def.-intervenors' Mot. for Reh'g (Sept. 18, 2013) ECF No. 87-1 ("Def.-intervenors' Mot.") (confidential). Defendant-intervenors' motion also seeks a stay of the remand order "pending the resolution of this motion." *Id*. at 2. The court denies this motion.

## I. BACKGROUND

The background of this case is set forth in the court's August 19, 2013 opinion and is supplemented herein. *Downhole Pipe & Equipment Co. v. United States*, 37 CIT __, __, Slip Op. 13-108 at 1-2, ECF No. 81 (confidential), ECF No. 107 (public) ("*Downhole Pipe*").

Plaintiff challenges a material injury determination reached by the United States International Trade Commission ("ITC" or the "Commission") concerning steel drill pipe and steel drill collars ("subject merchandise") from the People's Republic of China ("China" or the "PRC"). *See Drill Pipe & Drill Collars From China*, 76 Fed. Reg. 11,812 (Mar. 3, 2011) ("Final Injury Determination"); *Drill Pipe & Drill Collars from China*, Inv. Nos. 701-TA-474 and 731-TA-1176 (Final), USITC Pub. 4213 (Feb. 2011) ("ITC Report"), *available at* http://www.usitc.gov/publications/701_731/pub4213.pdf (last visited Feb. 25, 2014). The court held oral argument on July 26, 2012, ECF No. 75, and issued an opinion on August 19, 2013 remanding the Commission's determination that an industry in the United States, although not incurring material injury by reason of dumped and subsidized imports of subject merchandise, is

threatened with material injury by reason of those imports. *Downhole Pipe*, 37 CIT at __, Slip Op. 13-108 at 22.

The four moving defendant-intervenors filed their motion for rehearing and a stay on September 18, 2013, Def.-intervenors' Mot. 2, and both the Commission and the fifth defendant-intervenor, United States Steel Corporation ("U.S. Steel"), expressed support for the motion on September 27, 2013. Resp. of Def. U.S. Int'l Trade Comm'n in Supp. of Def.-intervenors' Mot. for Reh'g & Stay of Comm'n's Remand Proceeding 1-2, ECF No. 90; Resp. in Support of Defendant-Intervors' [*sic*] Mot. for Rehearing & for a Stay 1, ECF No. 91. Plaintiff opposes both the rehearing and the requested stay. Pl.'s Resp. in Opp'n to Def.-intervenors' Mot. for Recons. & Oral Argument (Sept. 27, 2013), ECF No. 92 (confidential).

On October 28, 2013, the Commission filed a motion requesting that the court extend the time period for the Commission's filing of its remand redetermination in response to *Downhole Pipe*. Defendant U.S. Int'l Trade Comm'n's Unopposed Mot. to Extend Remand Schedule 2 (Oct. 28, 2013), ECF No. 94. All five defendant-intervenors consented to the motion for an extension of time. *Id.* Although the defendant-intervenors' motion for rehearing and stay was still pending before the court, the Commission's consent motion for an extension of time did not request that the period for filing the remand redetermination be calculated from the date of a ruling by the court on the motion for rehearing and stay. Instead, the ITC sought, and the court granted, a definite filing date of December 11, 2013. *Id.* at 2; Order 1 (Oct. 29, 2013), ECF No. 95. On that date, the ITC filed its remand redetermination, in which it reconsidered its previous determination and "determine[d] that an industry in the United States is neither materially injured nor threatened with material injury by reason of subject imports." Views of the Comm'n on Remand & Dissenting Views of Chairman Williamson & Comm'r Pinkert on

Remand 3, 11 (Dec. 11, 2013), ECF No. 96 (Public), ECF No 97 (Confidential).  The proceeding

for the filing of comments on the remand redetermination is ongoing.

## II.  DISCUSSION

Defendant-intervenors seek reconsideration of the court's decision on two grounds.  First,

they point to a passage from the court's opinion that they characterize as "'fundamental or

significant error'" meriting reconsideration.  Mem. in Supp. of Mot. for Reh'g 3 (Sept. 18, 2013),

ECF No. 87 ("Def.-intervenors' Mem.") (confidential) (quoting *USEC, Inc., v. United States*,

25 CIT 229, 230, 138 F. Supp. 2d 1335, 1336-37 (2001)).  Second, relying on two decisions of

the Court of Appeals for the Federal Circuit ("Court of Appeals"), defendant-intervenors argue

that the court should have determined "whether substantial evidence supports the Commission's

overall determination" before ordering a remand.  Def.-intervenors' Mem. 7.

For the reasons discussed below, the court denies the motion for reconsideration and,

accordingly, the motion for a stay.

A.  The Passage from the Court's Opinion Identified by Defendant-Intervenors Was *Dicta* Rather
than a Basis Underlying the Court's Decision to Order a Remand

The passage from the court's opinion in *Downhole Pipe* on which the movants base their

motion for rehearing reads as follows:

> Defendant's counsel acknowledged at oral argument that the record lacks
> substantial evidence to support one or more of the ITC's findings concerning
> purchasing by large customers during the POR. [1]  According to defendant's
> argument, the erroneous finding or findings are not critical to the chain of
> causation, and the court should disregard any error is harmless.

*Downhole Pipe*, 37 CIT at __, Slip Op. 13-108 at 17.  *See* Def.-intervenors' Mem. 3-4.

According to the moving defendant-intervenors, the transcript of the oral argument, a portion of

---

[1] The reference to "POR" should have read "POI" for "period of investigation."  This
error is not the basis of defendant-intervenors' motion for reconsideration.

which is quoted in the motion, shows that "[a]t no point during this discussion did counsel for the Commission 'acknowledge' that the record lacks substantial evidence to support the Commission's findings." Def.-intervenors' Mem. 3. According to the movants, the question of harmless error arose "solely in connection" with an error involving a particular purchase and was not a concession that one or more of the Commission's findings concerning purchases made by large customers was unsupported by substantial evidence. *Id.* at 4.

Twelve days after the four defendant-intervenors filed their motion, the ITC filed a redacted transcript of the oral argument. Redacted Oral Tr., ECF No. 93 (Sept. 30, 2013). The court has reviewed the transcript and its opinion in *Downhole Pipe*. The transcript reveals that any concession of error on the part of counsel for the Commission pertained to sales made to a large purchaser, a purchaser the Commission's staff report incorrectly characterized as having purchased subject merchandise during the period of investigation when in fact the purchases in question were of non-subject imports. Redacted Oral Tr. 40-41. While conceding this error, counsel for the ITC did not actually concede that any findings reached by the Commission were unsupported by substantial evidence. *Id.*

It is apparent from the opinion in *Downhole Pipe* that the passage identified by the movants is *dicta*, for it formed no part of the court's reasoning on why certain findings reached by the Commission were unsupported by substantial record evidence. Moreover, this passage was not the basis of the court's decision to remand the affirmative threat determination to the Commission. This passage follows the court's conclusion that a remand was required and appears in the context of the court's rebutting an argument that any erroneous finding or findings the Commission may have made constituted harmless error, an argument that counsel for the ITC did not in fact make. *See Downhole Pipe*, 37 CIT at __, Slip Op. 13-108 at 17. This passage appears in the *Downhole Pipe* opinion after the court, on the previous page of the slip opinion,

summarized the erroneous findings and conclusions. *Id.*, 37 CIT at __, Slip Op. 13-108 at 16. As the court stated on that previous page, "[i]n summary, from its review of the record evidence in this case, and particularly its review of the evidence contained in the responses to the ITC's purchasers' questionnaire submitted by the domestic purchasers that the ITC considered 'large,' the court concludes that substantial evidence does not support two findings made by the Commission and two general conclusions the ITC reached on the basis of those two findings." *Id.* at 16 (emphasis added).

It is the findings that the court held to be unsupported by record evidence, together with conclusions drawn therefrom, and not any concession by the Commission's counsel, that led the court to conclude that a remand was required. As the opinion states, "[b]ecause of the importance the ITC placed on the two erroneous findings and unwarranted conclusions discussed previously in this Opinion, the court directs the ITC to reconsider its affirmative threat determination on the whole, absent those findings and conclusions, and issue a redetermination upon remand that is supported by substantial evidence on the record considered as a whole." *Downhole Pipe*, 37 CIT at __, Slip Op. 13-108 at 22. As the court also stated in its opinion, "[a] court must review an agency determination on the reasoning the agency puts forth." *Id.*, 37 CIT at __, Slip Op. 13-108 at 17 (quoting *SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947)). No plausible reading of the court's opinion in *Downhole Pipe* supports a conclusion that the court in any way based its holding on a concession made by counsel for the ITC or counsel for any other party appearing before the court.

In summary, in rebutting a "harmless error" argument, the court mistakenly attributed that argument to the Commission's counsel, who did not in fact make the concession the court mentioned. Because the court's opinion demonstrates conclusively that neither the "concession" nor the mistaken attribution played any part in the court's reasoning on why a remand was

required, the court is unable to agree with the movants that a "'fundamental or significant error,'" Def.-intervenors' Mem. 3 (citation omitted), requires reconsideration of the court's decision in *Downhole Pipe*.

B.  The Appellate Decisions Cited in the Motion for Rehearing Do Not Require Reconsideration of the Court's Decision in *Downhole Pipe*

The four moving defendant-intervenors argue that their motion for rehearing is supported by two decisions by the Court of Appeals, *Nippon Steel Corp. v. United States*, 458 F.3d 1345 (Fed. Cir. 2006) ("*Nippon Steel*") and *NSK Corp. v. U.S. Int'l Trade Comm'n*, 716 F.3d 1352 (Fed. Cir. 2013) ("*NSK*").

The moving parties argue that *Nippon Steel* required the court to consider whether substantial evidence supports the remainder of the Commission's determination even if the court were to conclude that certain findings were not lawful.  Def.-intervenors' Mem. 5-7. Defendant-intervenor U.S. Steel already raised this argument before the court, and in *Downhole Pipe* the court explained how this case is distinguishable from *Nippon Steel*.  *Downhole Pipe*, 37 CIT at __, Slip Op. 13-108 at 18-19.  As the court noted, in *Nippon Steel* the Court of Appeals upheld the Commission's affirmative injury determination that had been set aside by the trade court even though the Court of Appeals concluded that the trade court correctly determined that the Commission had made an "obvious error" when ascertaining the way in which subject merchandise undersold the domestic like product.  *Nippon Steel*, 458 F.3d at 1353-54, 1358-59; *Downhole Pipe*, 37 CIT at __, Slip Op. 13-108 at 18-19.  The *Downhole Pipe* opinion explained that in *Nippon Steel* the Court of Appeals concluded that "the affirmative injury determination, despite the error, was supported by an 'adequate basis in support of the Commission's choice of evidentiary weight' that required deference to the Commission under the substantial evidence standard."  *Downhole Pipe*, 37 CIT at __, Slip Op. 13-108 at 18-19 (citing *Nippon Steel*,

458 F.3d at 1358-59). In distinguishing this case from *Nippon Steel*, the *Downhole Pipe* opinion described that "[i]n this case, the Commission's own presentation of its affirmative threat determination causes the court to conclude that the ITC gave significant weight to the factual findings, and the associated conclusions, that the court views as erroneous." *Id.*, 37 CIT at __, Slip Op. 13-108 at 18.

Citing *NSK*, the four moving defendant-intervenors argue that "'[a]n intervening change in controlling law,' issued between the time of oral argument and the Court's decision, further clarifies what the *Nippon Steel* case stands for." Def.-intervenors' Mem. 5. According to the moving defendant-intervenors, "[t]he *NSK* decision makes it clear that *Nippon Steel* cannot be distinguished on the grounds that the Commission's own determination gave weight to factual findings, even if those findings turned out to be erroneous, as long as the record as a whole supports the Commission's conclusions." *Id.* at 7. The motion adds that "defendant-intervenors believe that the record as a whole does support the Commission's conclusions, but that discussion is beyond the scope of the motion for rehearing." *Id.*

The court disagrees that *NSK* effected an intervening change in controlling law according to which the court, in adjudicating plaintiff's claim in *Downhole Pipe*, was required to sustain the affirmative threat determination on the basis of the evidentiary record considered as a whole. As the core of their argument, the moving defendant-intervenors quote a passage from *NSK* that quotes language from *Nippon Steel* although that passage does not support the argument they advance. *Id.* at 6. This passage reads as follows:

> "Under the substantial evidence standard, when adequate evidence exists on both sides of an issue, assigning evidentiary weight falls exclusively within the authority of the Commission." *Nippon Steel Corp. v. United States,* 458 F.3d 1345, 1358 (Fed. Cir. 2006). "'It is the Commission's task to evaluate the evidence it collects during its investigation,'" and decisions "'such as the weight to be assigned to a particular piece of evidence, lie at the core of that

> evaluative process.'" *Nippon Steel Corp. v. United States,* 458 F.3d 1345, 1350
> (quoting *U.S. Steel Grp. v. United States,* 96 F.3d 1352, 1357 (Fed. Cir. 1996)).

*NSK*, 716 F.3d at 1366. The moving defendant-intervenors quote this passage for the basic

principle that when adequate evidence exists on both sides of an issue it is exclusively the task of

the ITC to evaluate and assign evidentiary weight to individual pieces of evidence.

Def.-intervenors' Mem. 6. Nothing in this quoted passage, and nothing elsewhere in the *NSK* or

*Nippon Steel* opinions, establishes a precedent according to which the court erred in remanding

the affirmative threat determination in the circumstances presented by this case. In *Downhole*

*Pipe*, the court did not assign weight to the various pieces of evidence supporting an affirmative

threat determination or to the various other pieces of evidence detracting from such a

determination. The court appropriately left that task to the ITC on remand. *See Downhole Pipe*,

37 CIT at __, Slip Op. 13-108 at 22.

As it was required to do in adjudicating plaintiff's claim under the substantial evidence

standard of review, the court in *Downhole Pipe* decided the much narrower question of whether

substantial evidence existed on the record to support certain individual, and related, factual

findings that were significant to the Commission's ultimate determination of threat. *Id.* Because

the court found two related findings of fact to be unsupported by substantial evidence, the court

appropriately left it to the Commission to reconsider the ultimate affirmative threat determination

and issue a remand redetermination that does not rest on those two impermissible findings. *Id.*

Were the court to do what defendant-intervenors suggest, *i.e.*, sustain the Commission's

affirmative threat determination on the basis of the Commission's remaining findings, it would

be doing so, implicitly and inescapably, on the basis of the record evidence underlying those

remaining findings. In that event, the court in effect would be making a determination on the

ultimate issue of threat to the domestic industry that is appropriately left to the ITC.

C.  The Court Denies the Motion for a Stay

Because the court finds no basis for rehearing of the court's decision in *Downhole Pipe*, the court also denies the request of the four defendant-intervenors for a stay.  *See* Def.-intervenors' Mot. 1.

### III.  CONCLUSION AND ORDER

For the reasons discussed in the foregoing, upon consideration of the motion of defendant-intervenors VAM Drilling USA, Texas Steel Conversions, Inc., Rotary Drilling Tools, and TMK IPSCO for rehearing and a stay, the responses of plaintiff, defendant, and defendant-intervenor U.S. Steel thereto, upon consideration of all papers and proceedings had herein, and upon due deliberation, it is hereby

**ORDERED** that the motion for rehearing and stay be, and hereby is, denied.

/s/ Timothy C. Stanceu
Timothy C. Stanceu
Judge

Dated: February 25, 2014
         New York, New York